

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 OCT 15  A 9: 58

KENNETH RADMAN  :
     Plaintiff,  :
             :  Civil Docket No: 302CV1868 (JCH)
     v.  :

JOHN ASHCROFT, Attorney General,  :
U.S. Department of Justice,  :
     Defendant.  :  October 14, 2003

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES; PRODUCTION OF REQUESTED DOCUMENTS; TO COMPEL ANSWERS TO ADMISSIONS AND TO AWARD PLAINTIFF'S REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES; OR IN THE ALTERNATIVE IMPOSITION OF SANCTIONS

Interrogatory #1:    Please state each and every detail regarding how the Agency applied affirmative action criteria when he selected Gail Mazzucco for vacancy announcement no. 96-DAN-17.

Answer :    The Selecting Official considered the catch-all provision of the Affirmative Action Plan in making his selection.

Defendant provided the Affirmative Action Plans for 1995 and 1996 pursuant to an earlier round of discovery. The catch-all provision is contained with these plans. Thus, Defendant's answer is responsive.

Interrogatory #2:    Please state each and every reason why the Agency believes Gail Mazzucco was better qualified than Radman for vacancy Announcement no. 96-DAN-17.

Answer:    Objection. Overbroad. Plaintiff has deposed the selecting official as it relates to the basis of his selection.

Plaintiff put this question to the Agency selecting official during the deposition and can review that transcript to determine the criteria used. There is no more complete answer that can

1

exist in written form.

The objection taken by Defendant is neither frivolous nor is it without merit. The instant case involves the criteria used by former Warden Stewart, the selecting official at FCI/Danbury. There can be no better synopsis of the criteria used by the Selecting Official, which would bind the Agency, than the transcript which is of relatively short duration. The suggestion that Plaintiff refer to the deposition transcript is not to suggest the inverse of a data dump, rather it is a succinct suggestion of where the requested criteria may be found. The cases cited by Plaintiff are easily distinguishable based upon the facts.

Interrogatory # 3     Explain exactly why Attorney Elizabeth Long claimed that the Agency selected Mazzucco for vacancy announcement no. 96-DAN-17 in accordance with a bona fide occupational qualification during the administrative process.

Answer:     Attorney-Client Work Product. Attorney-Client Privilege.

Plaintiff is seeking the results of the thought process and rationale used by Government counsel at the administrative level. Defendant is under no obligation to furnish criteria used by prior counsel in defense of an agency action. Defendant did not provided a more in-depth analysis of either privilege because they are both the product of Attorney Long's thought process.

Interrogatory #5     Please identify each and every selection made at FCI ,Danbury according to affirmative action within the past 9 years.

Answer:     Objection. Overbroad, unduly burdensome.

Plaintiff's revision does not limit the burden in an appreciable way. There are numerous job decisions made annually at a prison that holds over 1,200 inmates and Defendant maintains that without further clarification the request is still overbroad.

2

Request for Production #1:    All documents, correspondence and communications between Natalie Holick and the Federal Bureau of Prisons regarding this case.

Answer:    The requested materials are covered under the work-product immunity doctrine or attorney-client privilege. Further disclosure is opposed because to provide further Detail would by itself reveal information that is privileged. See Rule 9(d)(1) , Local Rules of Civil Procedure.

Natalie Holick is an Assistant General Counsel for the Bureau of Prisons who is co-counsel on this case. Attorney Holick's identity is well known to Plaintiff's counsel, since Attorney Holick litigated the matter at the administrative level.

Rule 9(d)(1) provides that if any of the information itself is privileged it need not be disclosed. All such documents authored by or sent to Attorney Holick come within the exemption noted in the rule.

Request for Admission #15:    Part of the defendant's defense in this case is that it selected Gail Mazzucco instead of plaintiff for vacancy announcement no. 96-DAN-17 according to affirmative action.

Answer:    Objects. Question calls for a legal conclusion which is not properly the subject of a request to admit.

Counsel for the Defendant and counsel for Plaintiff attempted in good faith to resolve the discovery dispute related the this request as well as all other dispute discovery matters. Defendant sought a clarification as to the term "affirmative action" so its response could be tailored in a more practical way. However, Plaintiff's counsel refused to further define the term. Plaintiff's memorandum refers to "affirmative action plan" but Plaintiff's counsel refused to so narrow the request to admit. Defendant therefore stands by its objection.

3

Request for Admission #21:    Radman had more experience in a correctional
environment than Gail Mazzucco at the time
of the selection for vacancy announcement no.
96-DAN-17.

Answer:    Objects. Experience is not defined and as such,
the question is unclear. Defendant does admit
that Plaintiff had worked for the Bureau of
Prisons for a longer period of time than Ms.
Mazzucco at the time that the vacancy
announcement was posted.

Plaintiff put a similar questions to the Selecting Official, Charles Stewart, during Mr.

Stewart's deposition. Former Warden Stewart explained that experience is not the functional

equivalent to the length of service with the BOP. Defendant's answer was made in good faith

and attempted to articulate Defendant's functional definition of what experience is. Defendant's

answer went further and conceded that Plaintiff worked for the BOP for a longer period of

time than the selectee at the time of selection

Request for Admission #27    Cindy Lord(human resource manager at time
of selection) stated that the department at issue
in vacancy announcement no. 96-DAN-17 needed
A female worker to conduct strip searches(of
inmates) at the time of the selection.

Request for Admission #28    Janice Killian (Associate Warden responsible for
position at issue at time of issue) stated that it was
imperative to have a female officer working the
position in dispute (vacancy announcement no.
96-DAN-17.).

Request for Admission #29    Ron Schmidlin (department head of position at
issue here at time at issue here) stated the
department at issue in vacancy announcement
No. 96-DAN-17 needed a female worker.

4

Request for Admission #30          Karen Porucznik (supervisor of position at issue
                                   here at time of issue here) stated that she
                                   preferred to have at least two female workers in the
                                   department at issue in vacancy announcement
                                   No. 96-DAN-17 at the time of selection.

Defendant's Answers to #27-#30     Objection. It is unclear from the context of the
                                   request to admit, under what circumstances said
                                   statement may have occurred.

Defendant is not being disingenuous and is not conducting discovery in bad faith with

its answers as stated. During the telephone conversation where counsel attempted to resolve

discovery disputes, Defendants' counsel asked Plaintiff's counsel if he was referring to the

affidavits filed in the administrative record, or whether he was referring to oral statements

of another source. Plaintiff's counsel refused to modify the question to make it clear which

statements were being referred to. Defendant stands by its answers as stated in the absence of

further clarification by Plaintiff.

                                   Respectfully Submitted,
                                   KEVIN J. O'CONNOR
                                   UNITED STATES ATTORNEY


                                   ALAN MARC SOLOWAY
                                   ASSISTANT U.S. ATTORNEY
                                   PO BOX 1824
                                   NEW HAVEN, CT 06508
                                   (203)821-3700
                                   FEDERAL BAR # CT 01581

5

NATALIE HOLICK
ASSISTANT GENERAL COUNSEL
BUREAU OF PRISONS
GATEWAY COMPLEX TOWER II
400 STATE AVENUE, 8TH FLOOR
KANSAS CITY, KANSAS 66101
(913) 531-8333
FEDERAL BAR # CT 24206

## CERTIFICATION

This is to certify that a copy of the within and foregoing Memorandum was sent via

postage prepaid first-class mail, this 14th day of October, 2003, to:

Samuel M. Rizzitelli, Jr., Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800

Daniel H. Kryzanski, Esq.
959 Main Street
#103
Stratford, Ct. 06615

ALAN MARC SOLOWAY

6