UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH K. RADMAN, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:02-cv-1868 (JCH) |
| v. : | |
| : | |
| JOHN ASHCROFT, ATTORNEY GENERAL, : | |
| U.S. DEPARTMENT OF JUSTICE : | JULY 28, 2004 |
|     Defendant. : | |

**RULING RE: DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [DKT. NO. 26]**

    Plaintiff Kenneth K. Radman ("Radman") brings this civil action against U.S. Attorney General John Ashcroft, in his official capacity, and the United States Department of Justice, Federal Bureau of Prisons (the "Agency"), pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-16 *et seq*., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  Radman, who is male, alleges that the Agency discriminated against him based on his gender in violation of Title VII, FSLA, and EAJA during the Agency's hiring process for the position entitled Material Handler Supervisor, Vacancy Announcement No. 96-DAN-17 (the "Position").  On October 14, 2003, the Agency filed a Motion for Summary Judgment [Dkt. No. 26], which Radman opposed on November 3, 2003 [Dkt. No. 32].  Based on the following analysis, the Agency's motion is hereby **DENIED**.

---

    [1] Radman's complaint also included a count alleging age discrimination pursuant to the Age Discrimination in Employment Act, the FLSA, and the EAJA.  The court granted the Agency's Motion to Dismiss this count [Dkt. No. 5] by endorsement on April 4, 2003.

I.      **Facts**

Radman has been employed at the Federal Corrections Institution, Danbury, Connecticut ("Danbury") as a corrections officer since December 30, 1991.[2]  On July 31, 1996, Radman applied for the position at issue.[3]  As part of the decision-making process, the Agency ranks its applicants pursuant to a Merit Promotion Plan.  The Agency's Merit Promotion Ranking report ranked Radman as the most qualified applicant  (Pl.'s Ex. D), and the Agency put him on the "Best Qualified" list (Def's Mem. Supp. Summ. J. at 7).  Also, Radman received scores of "exceeds" on his most recent performance evaluation.  (Def's Mem. Supp. Summ. J. at 10).  Radman has undertaken some college level classwork, but has not received a college degree.

Two other applicants, Steven Jones, a male, and Gail Mazzucco, a female, also received a rating of "Best Qualified".  Ms. Mazzucco began working at Danbury as a corrections officer on October 29, 1995 (Pl.'s Mem. Opp'n Summ. J. at 2).  She holds a bachelor's degree in Criminal Justice (Def's Mem. Supp. Summ. J. at 10), and received a score of "fully successful" on her most recent performance evaluation (*Id.*).[4]  On August 12, 1996, Warden Charles Stewart, the official in charge of the promotion

---

[2]  Danbury's inmate population is now, and was at the time this dispute arose, all female.

[3]  In fact, the Agency sought to fill two identical positions, both entitled Material Handler Supervisor.  Radman's allegation is that the Agency discriminated against him on the basis of his gender by filling one of the openings with Ms. Mazzucco instead of himself.

[4]  A score of "exceeds" is higher than a score of "fully successful".

process at the Agency, selected Mr. Jones and Ms. Mazzucco to fill the two available positions.

## II.    Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'"  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Fed. R. Civ. P. 56(c)).  "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'"  Id. (quoting Liberty Lobby, 477 U.S. at 248).

"[I]f after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," summary judgment is appropriate.  Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotation marks omitted) (quoting Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996)).  "The non-moving party may not rely on

conclusory allegations or unsubstantiated speculation. Instead, 'the non-movant must produce specific facts indicating' that a genuine factual issue exists. 'If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted.' To defeat a motion, 'there must be evidence on which the jury could reasonably find for the [non-movant].'" Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted).

"In deciding the motion, the trial court must first resolve all ambiguities and draw all inferences in favor of the non-moving party, and then determine whether a rational jury could find for that party." Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). "If reasonable minds could differ as to the import of the evidence, . . . and [i]f . . . there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal quotation marks omitted) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)).

"At the same time, the non-moving party must offer such proof as would allow a reasonable juror to return a verdict in his favor . . .." Graham, 230 F.3d at 38. A plaintiff may not create a genuine issue of material fact by presenting unsupported statements or "sweeping allegations." Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 65 (2d Cir. 1997). The non-moving party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that

affidavits supporting the motion are not credible. The motion 'will not be defeated merely . . . on the basis of conjecture or surmise.'" Gottlieb v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996) (citations omitted); see also Fed. R. Civ. P. 56(e) (a non-moving party "may not rest upon the mere allegations or denials of the [non-moving] party's pleading").

## III.    Discussion

The Agency argues that Radman cannot establish a *prima facie* case of sex discrimination because he cannot show that "similarly situated employees outside his protected class were treated more favorably" pursuant to the test laid out by the United States Supreme Court in McDonnell Douglas Corp. v. Green.[5] (Def's Mem. Supp. Summ. J. at 6) (citing McDonnell Douglas, 411 U.S. 792, 802 (1973)). In the alternative, the Agency argues that should Radman be able to make a *prima facie* showing, it can establish a "legitimate, nondiscriminatory reason for [Radman's] rejection." McDonnell Douglas, 411 U.S. at 802. Thus, the burden would shift back to Radman. Id. The Agency claims that Warden Stewart selected Mazzucco over Radman because she was more qualified based on Stewart's review of the candidates knowledge, skills, and

---

[5] The test laid out in McDonnell Douglas actually provides that a plaintiff makes a *prima facie* case by showing "(I) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." 411 U.S. at 802. The court refers below to Mario v. P&C Food Markets, Inc., 313 F.3d 758, 767 (2d Cir. 2002) for a better paraphrasing of Supreme Court's standard in the gender discrimination context.

abilities. (Def's Mem. Supp. Summ. J. at 7).[6]  The Agency asserts that "[b]ecause there are no genuine issues of material fact in dispute, the defendant proposes that summary judgment is appropriate in this case." (Id. at 6).  The court disagrees.

In order to make prima facie case of gender discrimination, Radman must show (1) he is a member of a protected class; (2) he is competent to perform the job or is performing the duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class." Mario v. P&C Food Markets, Inc., 313 F.3d 758, 767 (2d Cir. 2002).  Radman's burden to prove a *prima facie* case is minimal. See Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001) (emphasis added).  The Agency admits that Radman fulfills the first and third elements.  (Def's Mem. Supp. Summ. J. at 6).  By their ranking of Radman as "Best Qualified", the Agency appears to admit that Radman satisfies the second as well, (Def's Mem. Supp. Summ. J. at 7), and the court so finds.

With regard to the fourth element of the *prima facie* case, both the affidavit and the deposition of Charles Stewart provide Radman with the necessary showing. Stewart, the official in charge of making the hiring decisions for the Agency, states on

---

[6] The Agency also asserts that Ms. Mazzucco "better fit the needs of the institution" because as a female she could undertake strip searches of the inmates. (Def's Mem. Supp. Summ. J. at 8).  However, the Agency appears to disavow this rationale as part of its hiring decision, so the court will not pursue this avenue of argument. (Def's Mem. Supp. Summ. J. at 11) (noting that the Agency's own department head has testified that it was not necessary to hire a woman for the Position due to any strip search requirement, and calling that rationale "not worthy of credence".)

several occasions that he took gender into consideration when coming to his final decision. (Stewart Dep. ¶. 15, 19, 48, and 49) (noting that gender and the Affirmative Action Plan were taken into consideration when Stewart made the decision to hire Mazzucco over Radman); (Stewart Aff. at 6) (Warden Stewart noting that he took the Agency's "Affirmative Action Plan" into consideration when deciding on which two employee's to promote). This use of an impermissible factor under Title VII is certainly enough to meet Radman's "minimal burden", and for a reasonable trier of fact to find an "inference" of discrimination. The burden now shifts to the Agency to "articulate some legitimate, nondiscriminatory reason for [Radman's] rejection." McDonnell Douglas, 411 U.S. at 802.

    The Agency asserts that its legitimate, nondiscriminatory reason was that Stewart made his decision based on the applicants "knowledge and abilities as well as their performance evaluations, any prior misconduct, and their work ethic." (Pl's Mem. Supp. Summ. J. at 8) (citing Stewart Aff. ¶. at 5-6). It argues that its production of a reason shifts the ultimate burden back to Radman to prove that the reason given is really a pretext. The Agency points to Byrnie v. Town of Cromwell, Bd. of Educ. for the proposition that Radman must show his qualifications are so superior to Mazzucco's that "no reasonable person, in the exercise of impartial judgment, could have chosen [Mazzucco] over [Radman] for the job in question." 243 F.3d 93, 103 (2d Cir. 2001). However, as Byrnie points out, when evidence of superior credentials is combined with additional evidence of discrimination such that a trier of fact could find for the plaintiff,

summary judgment is not available. See id. at 111-112.

In this case, Radman had over four years of experience, while Mazzucco had less than one year. Radman received an "exceeds" rating on his most recent review, while Mazzucco received the lower rating of "fully successful".[7] Additionally, the Agency's Merit Promotion Ranking system ranked Radman first and Mazzucco third. Both Radman and Mazzucco made the "Best Qualified" list. In Mazzucco's favor, she holds a bachelor's degree in criminal justice, while Radman does not. As the Agency itself puts it, these factors "arguably equate" the two applicants qualifications. (Pl's Mem. Supp. Summ. J. at 11).

Of course, when evidence "arguably" says one thing, it "arguably" says the opposite as well. Such arguments are properly made to a trier of fact when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). This is especially true as the court is bound to "resolve all ambiguities and draw all inferences in favor of the non-moving party. . . ." Graham, 230 F.3d at 38. Radman combines his "arguably" better qualifications with Stewart's concession that gender was a factor in the hiring process (Stewart Dep. ¶. 15, 19, 48, and 49). As the court found in Byrnie, when a record,

---

[7] The Agency argues that Mazzucco's review score was artificially held down by an unofficial policy discouraging "exceeds" ratings for new employees. While this may be the case, it represents another facet of the "genuine issue of material fact" for the trier of fact to consider.

viewed as a whole, shows arguably superior qualifications combined with other evidence of discrimination, this "argument" is properly put before a trier of fact: summary judgment is inappropriate. See 243 F.3d at 111, 112.

The court finds that Radman has shown that a genuine issue of material fact exists. Defendant's motion for summary judgment must fail. See Fed.R.Civ.P. 56(c).

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment [Dkt. No. 26] is hereby **DENIED.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of July, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge