UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 SEP 17 P 12: 44

KENNETH K. RADMAN,
                Plaintiff

Civil Docket #302CV1868JCH

v.

John D. Ashcroft, Attorney General
U.S. Department of Justice
                Defendant

September 16, 2004

MOTION IN LIMINE

The plaintiff, Kenneth K. Radman, by counsel, pursuant to Federal Rules of Evidence 402 and 403, moves *in limine* for the Court to prohibit the government from making any reference to or admitting any evidence at trial regarding alleged gambling activity of the plaintiff and an incident (car accident the plaintiff was in while on duty as an armed outside patrolman) that occurred on August 22, 2003 while the plaintiff was in the employ of the defendant.

Respectfully submitted,

_____
Samuel M. Rizzitelli, Jr., Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

## MOTION IN LIMINE---SUPPORTING MEMORANDUM

The plaintiff, Kenneth Radman, by counsel, pursuant to Federal Rules of Evidence 402 and 403, moves the Court to prohibit the government from making any reference to or admitting any evidence regarding alleged gambling activity of the plaintiff and an incident (car accident the plaintiff was in while on duty as an armed outside patrolman) that occurred on August 22, 2003 while the plaintiff was in the employ of the defendant.

The plaintiff has reason to believe that the government may seek to introduce evidence of alleged gambling activity or the described incident to inflame the jury. Plaintiffs believe that introduction of evidence or the counsel's statement that such events occurred necessarily gives rise to the inference that the plaintiff is implicated or suspected in criminal activity or unsatisfactory employment performance. This evidence is irrelevant to the issues of this case and would be highly inflammatory and prejudicial.

Plaintiff also believes that the attorney for defendant may seek to introduce evidence of gambling and this August 22, 2003 incident in an attempt to illegally investigate employment/criminal matters not pertinent to this complaint, cause embarrassment, undue and unnecessary expense, burden and hardship, to the plaintiff's disadvantage. The defendant has other forums to conduct these investigations as the plaintiff's employer and the prosecutor of federal crimes.

These two issues are completely irrelevant to the material facts at issue in this case. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *FRCP 401*. Pursuant to Rule 402 of the Federal Rules of Evidence,

irrelevant evidence is inadmissible. These two issues can not shed any light on the non-selection of the plaintiff that occurred in 1996 in any remote sense. The alleged gambling issue is exactly that: mere allegations raised during the plaintiff's deposition in this matter. This case is completely devoid of any corroborating fact regarding such activity. Also, the car accident was exactly that: a car accident that occurred during the plaintiff's employment. There was no physical injury to any person and only minor property damage incurred.

Introduction of evidence with respect to gambling and this August 22, 2003 incident would be immaterial and irrelevant to the subject matter involved in the pending action and not pertinent or material to any defense of defendant and would violate the plaintiff's right against self-incrimination as protected by the 5th amendment of the U.S. Constitution. *Weston v. HUD*, 724 F.2d 943, 947-48 (Fed. Cir. 1983), *citing* Kastigar v. United States, 406 U.S. 441, 444-45 (1972). The inquiry by the defendant on these issues is the subject of a different investigation of separate actions involving the same parties. *Cf. Cumberland Corp. v McLellan Stores Co.*, 27 F. Supp 994 (S.D.N.Y. 1939). Furthermore, even if the evidence is relevant, the evidence related to these two issues should be excluded because the probative value of such is substantially outweighed by the danger of unfair prejudice, these facts will confuse the issues, mislead the jury, cause undue delay and waste time. *FRCP 403*.

Generally, evidence of other crimes, wrongs or acts not charged in an indictment are inadmissible. *See United States v. Kirk*, 528 F.2d 1057, 1060 (5th Cir.1976). The major function Rule 403 is "to exclude matter of scant or cumulative force, dragged in by the heels for the sake of effect." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.) *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979). Evidence of the crimes may, under some circumstances, be admissible Federal Rules of Evidence 404(b) provides in pertinent part:

"Evidence of other crimes, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

However, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and the evidence further must meet the other requirements of Federal Rule Evidence 403. United States v. Beechum, 582 F.2d 898, 910-11 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, L.Ed.2d 472 (1979). The evidence related to the alleged gambling and the car accident do not satisfy this requirement and cannot reasonably be attributed to any other proper purpose.

Wherefore, plaintiff moves that this Court enter an order prohibiting the defendant, government, from making any reference to or admitting any evidence at trial regarding alleged gambling activity of the plaintiff and an incident (car accident the plaintiff was in while on duty as an armed outside patrolman) that occurred on August 22, 2003 while the plaintiff was in the employ of the defendant.

For the Plaintiff,

_____
Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418
(203) 736-9800
Federal Bar No. CT20079

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing has been sent, via the mode indicated, this 16th day of September, 2004 to the following:

| | |
|---|---|
| Alan Marc Soloway<br>Assistant U.S. Attorney<br>P.O. Box 1824<br>New Haven, CT. 06508<br>(203) 821-3700<br>(203) 773-5373<br>Federal Bar No. CT01581 | U.S. Mail, Postage Prepaid |
| Natalie R. W. Holick<br>Assistant General Counsel<br>Bureau of Prisons<br>Gateway Complex Tower II<br>400 State Avenue, 8th Floor<br>Kansas City, Kansas 66101<br>(913) 531-8333<br>Federal Bar No. CT24206 | U.S. Mail, Postage Prepaid |

For the Plaintiff,

*/s/ signature*

Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418
(203) 736-9800
Federal Bar No. CT20079