**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Kenneth K. Radman     :
   Plaintiff,     :   Civil No. : 302CV1868 (JCH)
           :
   E.        :
           :
John Ashcroft, Attorney General,  :
U. S. Department of Justice,   :   September 17, 2004
   Defendants.    :

**JOINT PRE-TRIAL MEMORANDUM**

   The parties in the above-captioned matter respectfully submits their joint pre-trial memorandum:

**1. TRIAL COUNSEL**
   **Counsel for Plaintiff:**
       Samuel Rizzitelli, Esq.
       26 Prindle Avenue
       Derby, CT 06418
       (203) 736-9800
       Federal Bar # CT 20079

       Daniel H. Kryzanski, Esq.
       1698 Post Road East
       Westport, CT 06880-9991
       Federal Bar # 15620

   **Counsel for Defendant:**
       Alan Marc Soloway
       Assistant United States Attorney
       United States Attorney's Office
       P.O. Box 1824
       New Haven, CT 06508
       (203) 821-3806
       Federal Bar No. CT17984

       Natalie Holick, Esq.
       Assistant General Counsel
       Federal Bureau of Prisons

North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
Federal Bar # 24206

## 2. JURISDICTION

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 et seq.; the Fair Labor Standards Act, 29 U.S.C. § 216; the Equal Access to Justice Act 28 U.S.C. § 2412 as well as the statutory and common law of the State of Connecticut.

## 3. JURY/NON-JURY

A jury trial has been claimed and jury selection is scheduled for November 1, 2004.

## 4. LENGTH OF TRIAL

The parties estimate that this trial will last approximately three days.

## 5. FURTHER PROCEEDINGS

A pre-trial conference is presently scheduled for October 7, 2004 at 4:00 p.m. It is anticipated that the during the pre-trial conference the parties will discuss, with the court, any outstanding issues, including motions in limine. The parties will also discuss witness availability issues that will arise due to the proximity of the scheduled trial date to Thanksgiving.

## 6. NATURE OF CASE

### Plaintiff's Nature of the Case

The Plaintiff, Kenneth Radman claims that his present employer, The U.S. Bureau of Prisons, discriminated against him on the basis of his gender when it did not select him for promotion to the position of Materials Handler Supervisor at FCI-Danbury (vacancy announcement number 96-DAN-17). Plaintiff alleges that the Bureau of Prisons selected a less qualified female whose name was Gail Mazzucco (now known as Gail Horncall) and impermissibly used gender as a basis for selecting her instead of Plaintiff. Plaintiff seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney's fees and other appropriate relief.

### Defendant's Nature of the Case

The Bureau of Prisons admits that it selected a female for one of the two the jobs desired by the plaintiff and admits that it considered gender in making the decision. The Defendant claims that it had a legitimate non-discriminatory reason for selecting Gail Mazzucco over the Plaintiff. Defendant asserts that punitive damages cannot

properly be awarded in this case.

**A. Parties**

The Plaintiff is Kenneth Radman was at the time of the acts referenced in the complaint and continues to be an employee of the Bureau of Prisons which operates the Federal Correctional Institution at Danbury.

John Ashcroft is the Attorney General of the United States and heads the United States Department of Justice of which the Bureau of Prisons is a component part.

**B. Claims to be Pursued at Trial and Court Dismissed Count Number Two**

The Plaintiff will pursue the claim for discrimination based on his gender at trial. The Plaintiff's count number two for discrimination based on age was dismissed in response to Defendant's Motion for Summary Judgment on April 4, 2003 by Judge Janet C. Hall.

**C. Agreed Joint Statement to be Read to the Jury**

The plaintiff has been a male correctional officer at Federal Correctional Institution Danbury since December, 1991.  The plaintiff has charged the Federal Bureau of Prisons, U.S. Department of Justice with discrimination when the defendant selected a female officer instead of him for a promotion on July 31, 1996.  The defendant's original reference number to this position was 96-DAN-17.  The warden whom selected the female officer instead of the plaintiff has stated that he did in fact select her, in part, because she was a female.  The defendant has also asserted the same.

## 7. TRIAL BY MAGISTRATE JUDGE

_____The Plaintiff objects to a trial by a Magistrate Judge.  The Defendant consents to a trial by a Magistrate Judge.

## 8. LIST OF WITNESSES

_____**A.    Plaintiff's Witness List**

**(1) The Plaintiff expects to call the following witnesses:**

Plaintiff Kenneth Radman, FCI Danbury, Danbury, CT. - will testify about all events complained of and about evidence relevant thereto.

Charles Stewart - if produced by Defendant - will testify about the reason he did not select the Plaintiff for the position in dispute.

Dr. Armal Tanagho, 24 Hospital Avenue, Danbury, CT. 06810 - will testify about the damages suffered by Plaintiff.

Dr. Luciel McCue, 152 Deerhill Ave #115, Danbury, CT. 06810 - will testify about the damages suffered by Plaintiff.

Sandra Kopit Cohen, MD. - will testify about the damages suffered by Plaintiff as set forth in her report dated September 6, 2003, which is attached hereto at Tab A. A copy of Dr. Cohen's *curriculum vitae* is attached hereto at Tab B.

Millie Gonzalez, FMC Devens, Ayer, Massachusetts 01432 - will testify about the affirmative action plan used by the Defendant to not select the Plaintiff.

Mike Sheriden, FMC Devens, Ayer, Massachusetts 01432 - will testify about the damages suffered by Plaintiff.

Paul Sangalli, 5543 Cypress Street, Farmington, New Mexico 87402 - will testify about the damages suffered by Plaintiff.

Ronald Griffin -address still under investigation- will testify about the damages suffered by Plaintiff.

Michael Downing, 15 Meadow Drive, Middleton, MA 01949 - will testify about the damages suffered by Plaintiff.

**(2) The Plaintiff expects to call the following witnesses for rebuttal of anticipated testimony:**

Cindy Lord - FMC Devens, Ayer, Massachusetts 01432 - will testify about the process used to hire/promote the selectee and not hire/promote the Plaintiff.

Ronald Schmidlin, address still under investigation - was the second line supervisor of the position in dispute at the time of the non-selection and provided a sworn statement in the defendant's original investigation.  He will testify about the use of gender in the decision to not select the plaintiff for the position in dispute.

Karen Porucznik, address still under investigation - was the immediate supervisor of the position in dispute at the time of the non-selection and provided a sworn statement in the defendant's original investigation.  She will testify about the use of gender in the decision to not select the plaintiff for the position in dispute.

Karen Johnson, FCI Danbury, Danbury, CT. - will testify about the process used to hire/promote the selectee and not hire/promote the Plaintiff.

Janice Killian, Former Associate Warden FCI-Danbury - will testify about her involvement in the selection process for the position sought by Plaintiff. In addition, it is expected that Ms. Killian will testify as to her reasons for not recommending the Plaintiff.

Gail Mazzucco, FCI Danbury, Danbury, CT. - will testify about her qualifications, applications and the benefits she received as a result of her selection for the position in dispute.

Steven Roberts, address still under investigation - will testify about the job performance of the Plaintiff and the selectee prior to the non-selection at issue.

Merry Wilner, FCI Danbury, Danbury, CT. - will testify about the answer to Interrogatory Number 5 if necessary.

Debra Truchess, FCI Danbury, Danbury, CT. - will testify about the process used to hire/promote the selectee and not hire/promote the Plaintiff.

Mark Shaunessy, FMC Devens, Ayer, Massachusetts 01432 - will testify about the damages suffered by Plaintiff.

Natalie Holick, North Central Regional Office, 400 State Avenue, 8th Floor, Kansas City, Kansas 66101 - will testify about the answers she provided to the interrogatories she certified in this action.

Kathleen Hawk, Director of the Federal Bureau of Prisons - will testify about "bona fide occupational qualifications" at Federal Bureau of Prisons during the period of non-selection.

Margaret Harding, Former Warden at FCI Danbury and defendant in Holder v. Harding 3:98cv00656 (JCH) and Colman v. Vasquez, et al 3:99cv02446 (JBA).  Warden Harding will testify about FCI Danbury's position that males could pat search female inmates.

B.     **Defendant's Witness List:**
       **1. Expected to Testify**

a. Janice Killian-Former Associate Warden FCI-Danbury. It is expected that Ms. Killian will testify as to her involvement in the selection process for the position sought by Plaintiff. In addition, it is expected that Ms. Killian will testify as to her reasons for recommending the selectees.

b. Cynthia Lord-Former Human Resources Manager FCI-Danbury, will testify as to the Merit Promotion Policy utilized in the merit selection process involved in the selection process for the position sought by Plaintiff.

**2.  May Testify**

a.  Sandra Kopit Cohen, MD. Dr. Cohen is a licensed physician in New York State. She is Board Certified in Psychiatry and Neurology(Psychiatry) by the American Board of Psychiatry and Neurology. She is Vice-President of the Academy of Organizational and Occupational Psychiatry. She regularly practices general psychiatry and  psychoanalysis with a speciality in occupational psychiatry.

Dr. Cohen performed a records review of Psychiatric records obtained by Defendant pursuant to a release authorized by Plaintiff and his counsel. Dr. Cohen performed a forensic psychiatric evaluation of Plaintiff when she met alone with him at the Offices of the U.S.  Attorney in New Haven, Connecticut, on July 28, 2003.

It is expected that if called to testify that Dr. Cohen will testify about  her findings, conclusions and opinions as set forth in her report dated September 6, 2003, which is attached hereto at Tab____. A copy of Dr. Cohen's *curriculum vitae* is attached hereto at Tab_____.

b.  Gayle Mazzucco (Hornkohl)-If called to give testify will give testimony about her application for the job position in question.

## 9. DEPOSITION TESTIMONY

Both parties have consented to the introduction of the entire testimony of Mr. Stewart with the exception of the colloquies. However, the Defendant wishes to retain the right to have its deposition objections ruled on by the Court in advance of the question and answer being read to the jury.

_____Plaintiff may also introduce deposition testimony of Margaret Harding, former Warden at FCI Danbury and one of the defendants in Holder v. Harding 3:98cv00656 (JCH). Plaintiff may introduce this testimony in rebuttal to any evidence offered by Defendant to justify that the selection of a female was necessary to satisfy a bona fide occupational qualification.  This will also only be done if former Warden Harding is otherwise unavailable for trial.

Counsel for the Defendant will seek to preclude the introduction of any of the Deposition testimony of former Warden Harding who succeeded Warden Stewart and was not employed in any capacity at FCI, Danbury until Warden Stewart left. Warden Harding had absolutely no involvement with the selection process referenced in the lawsuit and as such, the deposition given in another case, in which Plaintiff was not involved , is irrelevant for the purposes of this case.

In is not anticipated that any other witnesses will testify via deposition testimony.

## 10. INTERROGATORIES/REQUESTS TO ADMIT

**A. Plaintiff introduces the following interrogatories answered by Defendant:**

**April 9, 2003:**

Was Gail Mazzucco selected for vacancy announcement no. 96-DAN-17 according to a "bona fide occupational qualification?"
Answer: No

Was Gail Mazzucco selected for vacancy announcement no. 96-DAN-17 according to the affirmative action plan?
Answer: Affirmative action criteria was one of many considerations in selecting Ms. Mazzucco, but the affirmative action plan was not specifically used since the position in question was not targeted by the affirmative action plan.

**August 14, 2003:**

Please list every selection of a female made at FCI Danbury due to a "bona fide occupational qualification."
Answer: As modified by order of this Honorable Court dated July 30, 2003, directing an answer from defendant and limiting said answer to the 1993-1997 time frame, defendant is aware of no such selections.

**December 1, 2003:**

Please identify each and every selection made at FCI Danbury according to affirmative action within the past nine years.
Answer:
Fiscal Year 1996: Accomplishments: Cook Supervisor (1HM) Jose Lopez and (4WM) Ed Hornkohl and no other names; Physician's Assistant (1HF) Mercedes Clement, (1HM) Cesar Vila, (1HM) Nick Peralta and (1AM) no available name; Mechanical Services (1AF) no available name and (1BF) Runette Scott. *[abbreviate by plaintiff]*

**B. Plaintiff introduces the following admissions made by Defendant:**

**Admitted on 4-9-03:**

1) The Agency selected a female, Gail Mazzucco, as a result of vacancy announcement no. 96-DAN-17.

2) Gail Mazzucco worked for the Agency for 10 months prior to her selection for vacancy announcement no. 96-DAN-17.

3) Gail Mazzucco had not completed her probationary period of employment when she was selected for vacancy announcement no. 96-DAN-17.

4) The Plaintiff worked for the Agency for more than four and a half years when he was not selected for vacancy announcement no. 96-DAN-17.

5) The Agency does not currently have any positions at FCI Danbury that require a female position as a "bona fide occupational qualification".

6) The vacancy announcement no. 96-DAN-17 did not state that vacancy announcement no. 96-DAN-17 was a "bona fide occupational" position that required a female.

**Admitted on 8-7-03**:
7) The Agency has never had any positions at FCI Danbury *[from 1992-1998]* that required a female position as a "bona fide occupational qualification".

8) The Agency does not have any positions at any Prison Institution *[from 1992-1998]* that require a male or female as a "bona fide occupational qualification".

9) The Agency has never made any selection *[from 1992-1998]* for any position based on a "bona fide occupational qualification".

10) The position that Gail Mazzucco was selected for as a result of vacancy announcement no. 96-DAN-17 was not listed on the 1995 or 1996 Affirmative Action Plan's / Federal Equal Opportunity Recruitment Plan's list of targeted positions.

11) In the Agency's August 25, 1999 counter motion for findings and conclusions without a hearing, the Agency stated that "Plaintiff contends in his motion of findings and conclusions that the Selectee was chosen for the position in order to further affirmative action goals.  This is not the Agency's position, and is unfounded."

**Admitted on 8-7-03:**
12) The Agency selected Gail Mazzucco for vacancy announcement no. 96-DAN-17, at least in part, because she was a female.

13) The selecting official considered the Agency's affirmative action plan during the selection of Gail Mazzucco when it hired her for vacancy announcement no. 96-DAN-17.

14) The Agency did not have any positions at FCI Danbury that required a female position as a "bona fide occupational qualification" during the period of 1995 through 1997.

15) The Agency did not have any positions at any Prison Institution that required a male or female as a "bona fide occupational qualification" during 1995 through 1997.

16) The Agency currently does not have any positions at any Prison Institution that requires a male or female as a "bona fide occupational qualification".

17) The Agency did not make any selection for any position based on a "bona fide occupational qualification" during 1996.

18) Radman had a better performance evaluation than Gail Mazzucco at the time of the selection for vacancy announcement no. 96-DAN-17.

19) Part of the motivation for the selection of Mazzucco for vacancy announcement no. 96-DAN-17 was to develop a correctional environment of female staff members for the female inmate population.

20) Part of the motivation for the selection of Mazzucco for vacancy announcement no. 96-DAN-17 was to have a female staff member in that position to perform strip searches of the female inmate population.

21) FCI Danbury has discriminated against at least one employee within the past 10 years.

**Admitted on 10-3-03:**
22) There were only three candidates qualified according to the Merit System Principles for vacancy announcement no. 96-DAN-17.

**Admitted on 11-6-03:**
23) Part of the defendant's defense in this case is that it selected Gail Mazzucco instead of the plaintiff for vacancy announcement no. 96-DAN-17 according to affirmative action.

24) Cindy Lord (human resource manager at time of selection at issue) stated that the department at issue in vacancy announcement no. 96-DAN-17 needed a female worker to conduct strip searches (of inmates) at the time of the selection.

25) Janice Killian (Associate Warden responsible for position at issue at time at issue) stated that it was imperative to have a female officer working the position in dispute (vacancy announcement no. 96-DAN-17).

26) Ron Schmidlin (department head of position at time at issue here) stated that the department at issue in vacancy announcement no. 96-DAN-17 needed a female worker.

27) Karen Porucznik (supervisor of position at time at issue here) stated that she preferred to have at least two female worker in the department at issue in vacancy announcement no. 96-DAN-17 at the time of the selection.

## 11. EXHIBITS

The parties have made a good faith effort to identify all exhibits that they anticipate using at trial but reserve the right to seek to introduce additional exhibits if the events at trial merit doing so.  In addition, the parties reserve the right to offer any or none of the exhibits listed below at the time of trial. Finally, with the exception of joint exhibits, should a party wish to offer an exhibit listed on his opponent's exhibit list, appropriate steps pursuant to the federal rules of procedure and evidence should be taken by him.

### Joint Exhibits

1. Radman application;
2. Mazzucco application;
3. Promotion Certificate( BQ list with selection identified);
4. Position Description of Material Handler Supervisor;
5. Vacancy Announcement for position;
6. Agency Merit Promotion Plan, Policy Statement 3002.02, Ch. 3.
7. Dr. Cohen's report of the Plaintiff from the IME.

### Plaintiff's Exhibits

8. Tally Sheet;
9. FCI Danbury's Affirmative Action Plan/Federal EEO Report - 1996;
10. FCI Danbury's Affirmative Action Plan/Federal EEO Report - 1997;
11. Defendant's Program Statement 3713.

### Defendant's Exhibits

12. Jones application;
13. Agency Employee Standards of Conduct, Policy Statement 3420.09;
14. Agency Policy on Searches of Housing Units, Inmates and Inmate Work Areas, Policy Statement 5521.05.

## 12. ANTICIPATED EVIDENTIARY PROBLEMS

**A.** The Plaintiff anticipates an evidentiary problem with the difference between "bona fide occupational qualification" and "affirmative action." These two concepts are distinct and mutually exclusive. However, despite such, the defendant has continued throughout this litigation to confuse the two. The Defendant did not raise BFOQ as an affirmative defense and has adamantly denied that the selection of Ms. Mazzucco was made according to a BFOQ during all written discovery proceedings. The BFOQ defense should be deemed waived[1] and the jury should be instructed on this distinction and the application of any BFOQ evidence.

**B.** The Defendant anticipates numerous evidentiary problems ranging from the use of the Defendant's discovery responses to the import to give to factually dissimilar instances of alleged discrimination. Furthermore, the Defendant will likely seek to preclude the calling numerous proferred witnesses that Plaintiff has listed as potential witnesses including but not limited to Plaintiff's announced attempts to call Attorney Holick, Drs. Tanagho and McCue, Kathryn Hawk Sawyer, former Director of the Federal Bureau of Prisons, Margaret Harding, former Warden FCI, Danbury, and Paul Sangalli.

## 13. MOTIONS IN LIMINE

Plaintiff currently believes that a motion in limine will be necessary to exclude the facts surrounding gambling by the Plaintiff and a car accident that occurred while the Plaintiff was on duty in 2003 - both set of facts the Defendant tried to illicit during the deposition of the Plaintiff, Kenneth Radman.

Defendant currently believes that the following motions in limine/preclude will be necessary.

Plaintiff treated with Psychiatrists/Psychologists Dr. Tanagho and Dr. McCue. While ostensibly only being called to offer the factual analysis of their treatment of the Plaintiff, they will likely be asked to opine about their professional opinions. Plaintiff has not at any point furnished Defendant with any reports authored by Drs. Tanagho or McCue in accordance with

---

[1] *See generally*, Leslie Berl and Frederick L. Anderson, Sr. v. County of Westchester, 849 F.2d 712, (2d Cir. (1988) (holding two male correctional officers were discriminated against when they were not promoted at female inmate prison and the County defendant waived the defense of bona fide occupational qualification and did not satisfy its burden to show that it would not have promoted plaintiff even in the absence of the discriminatory conduct).

Rule 26 of the Federal Rules of Civil and Procedure and as such their testimony should be precluded. Plaintiff should not be allowed to introduce opinion evidence by claiming that the two doctors in question are just facts witnesses.

Paul Sangalli, a former FCI Danbury employee, also represented by Plaintiff's counsel, made a discrimination complaint against the Bureau of Prisons. Testimony as it relates to that case should not be admissible in this case.

The testimony of Natalie Holick is proferred by Plaintiff. Defendant claims that the area of inquiry is irrelevant and therefore not admissible. Defendant further should note for the record that Plaintiff had the opportunity to depose Attorney Holick and chose not to do so. Defendant claims that Plaintiff's attempt to call Attorney Holick to give trial testimony is inappropriate and not merited.

Kathryn Hawk Sawyer was the former Director of the Bureau of Prisons. Plaintiff has indicated that he intends to elicit testimony from Ms. Hawk Sawyer regarding "bona fide occupational qualifications", a defense that is not being raised by Defendant.  It is believed that Ms. Hawk Sawyer does not have sufficient personal or legal knowledge to testify as to the legal terminology of "bona fide occupational qualifications" and its application to the Defendant Agency. It should also be noted that Ms. Hawk Sawyer no longer works for the Bureau of Prisons and is located beyond the subpoena power of this Honorable Court.

Margaret Harding is the former Warden of FCI, Danbury. The proferred testimony which relates to another case would be unduly prejudicial to Defendant and is irrelevant. It should also be noted that Ms. Harding no longer works for the Bureau of Prisons and is located beyond the subpoena power of this Honorable Court.

## 14. GLOSSARY
To be furnished by the offering party on or about October 25, 2004.

## 15. TRIAL TO JURY
### A. Statement of Uncontroverted Facts and Law:
1. Plaintiff, Kenneth Radman, has worked as a correctional officer for the Federal Correctional Institution located in Danbury, Connecticut from December 29, 1991 to the present date. Shortly before July 31, 1996, the Plaintiff applied for a position as a Material Handler Supervisor that the Defendant advertised as Vacancy Announcement Number 96-DAN-17 at FCI, Danbury, Connecticut, which has been an all-female institution since

1994. There were two vacancies open under the Vacancy Announcement. The Defendant conducted a selection process during which time a female, Gail Mazzucco, was selected for one of the positions that were advertised. The Plaintiff was not accepted for either of the two positions.

2. Defendant admits that it took the Plaintiff's gender into consideration when it did not select him for the position. However, the Defendant claims that the reason it didn't select the Plaintiff for the job at issue was because the female was better qualified for the position and that it took affirmative action into consideration in making the decision.

3. Defendant did not select Gail Mazzucco according to a bona fide occupational qualification.

**B. Statement of Contested Facts and Law**:

1. Whether the affirmative action plan and application should be examined under the constitutional strict scrutiny analysis.

2. Whether the affirmative action plan was valid;

3. Whether the affirmative action plan was used legally;

4. Whether the selectee was better qualified than the plaintiff;

5. Whether defendant illegally considered plaintiff's gender when it did not select plaintiff for vacancy announcement 96-DAN-17;

6. Whether plaintiff suffered damages as a result of discrimination by defendant.

7. Plaintiff has established a prima facie case of discrimination.

8. All plaintiff's interrogatories and admissions listed above are hereby incorporated by reference.

**C. Proposed Jury Voir Dire Questions:**

Defendant's suggestions are attached at Tab D.

**D. Proposed Jury Instructions:**

Defendant's suggestions for jury instructions and Jury Formare attached at Tab E.

Plaintiff's suggestions for jury instructions are attached at Tab F.

_____Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


_____
_____Alan Marc Soloway
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FEDERAL BAR NO. CT 01581


_____
Natalie Holick, Esq.
Assistant General Counsel
U.S. Bureau of Prisons
North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
Federal Bar # 24206

_____

_____
_____ Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079