UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH K. RADMAN, | : Case No. 3:02CV1868(JCH) |
| PLAINTIFF, | : |
| v. | : |
| | :SEPTEMBER 17, 2004 |
| JOHN ASHCROFT, ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, | : |
| DEFENDANTS. | : |

**NOTICE OF MANUAL FILING**

Please take notice that the United States of America has manually filed the following documents:

    Tabs A, B and C

These document have not been filed electronically because

- ☐ the document cannot be converted to an electronic format
- ☒ the electronic file size of the document exceeds 1.5 megabytes
- ☐ the document is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
- ☐ Plaintiff/Defendant is excused from filing this document by Court order.

The document has been manually served on all parties.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ALAN M. SOLOWAY
ASSISTANT U.S. ATTORNEY
U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
Tel: (203) 821-3700
Fax:(203) 773-5373
Federal Bar No. ct01581

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Notice of Manual Filing has been sent via postage prepaid first-class mail this 17th day of September, 2004, to:

Samuel Rizitelli, Esq.
26 Prindle Avenue
Derby, CT 06418

_____
ALAN MARC SOLOWAY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kenneth K. Radman<br>    Plaintiff, | :<br>:<br>: Civil No. : 302CV1868 (JCH)<br>: |
| E. | :<br>: |
| John Ashcroft, Attorney General,<br>U. S. Department of Justice,<br>    Defendants. | :<br>: September 17, 2004<br>:<br>: |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### Mixed Motive

Do you find that Defendant's decision to not select the Plaintiff was motivated both by his gender and a lawful reason?[1]

If you find that the plaintiff's gender was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

However, if you find that the defendant's treatment of the plaintiff was motivated by both gender and lawful reasons, you must decide whether the plaintiff is entitled to damages.

The plaintiff is entitled to damages unless the defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's gender had played no role in the employment decision.[2]

---

[1] Model Jury Instructions (Civil) Ninth Circuit § 12.2 (2002)

[2] Desert Palace, Inc. v. Costa, 539 U.S. 90, 97 (U.S., 2003); Ostrowski, v. Atlantic Mutual Insurance Company, 968 F.2d 171, 181 (2d Cir. 1992)

EXHIBIT E

## Affirmative Action

Once the plaintiff establishes a prima facie case that sex has been taken into account in the defendant's decision, the burden shifts to the employer to articulate a nondiscriminatory rationale for its decision. The existence of an affirmative action plan provides such a rationale. If such a plan is articulated as the basis for the employer's decision, the burden shifts to the plaintiff to prove that the employer's justification is pretextual and the plan is invalid.[3]

**However, to meet the burden of justification, the government must show at least that the gender classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives.[4]**

**The party seeking to uphold government action based on sex must establish an "exceedingly persuasive justification" for the classification.[5]**

**The justification must be genuine, not hypothesized or invented post hoc in response to litigation. And it must not rely on overbroad generalizations about the different talents, capacities, or preferences of males and females.[6]**

**To succeed, the defender of the challenged action must show "at least that the classification serves important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." Ibid. (internal quotation marks omitted). United States v. Va., 518 U.S. 515, 524 (U.S., 1996)**

**That this statutory policy discriminates against males rather than against females does not exempt it from scrutiny or reduce the standard of review.[7]**

---

[3] Johnson v. Transportation Agency, 480 U.S. 616, 626 (U.S., 1987)

[4] **United States** v. Va., 518 U.S. 515 (U.S., 1996), quoting Wengler v. Druggists Mut. Ins. Co., 446 U.S. 142, 150

[5] Mississippi Univ. for Women v. Hogan, 458 U.S. 718, 724, 73 L. Ed. 2d 1090, 102 S. Ct. 3331 (1982)

[6] **United States** v. Va., 518 U.S. 515 (U.S., 1996), citing Weinberger v. Wiesenfeld, 420 U.S. 636, 643, 648

[7] Caban v. Mohammed, 441 U.S. 380, 394 (1979); Orr v. Orr, 440 U.S. 268, 279 (1979)

## Bona Fide Occupational Qualification [BFOQ]

**Employment in a particular job may not be limited to persons of a particular sex, religion, or national origin unless the employer can show that sex, religion, or national origin is an actual qualification for performing the job. This is called a bona fide occupational qualification.[8]**

**BFOQ is not a defense in this case.**

**If you find that the defendant selected Gail Mazzucco over the plaintiff because the defendant believed that her gender was reasonably necessary to the normal operation of that particular business or enterprise,[9] the plaintiff is entitled to your verdict.**

---

[8] Black's Law Dictionary 6th Edition

[9] 42 USCS § 2000e-2(e)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kenneth K. Radman<br>　　　Plaintiff,<br><br>E.<br><br>John Ashcroft, Attorney General,<br>U. S. Department of Justice,<br>　　　Defendants. | Civil No. : 302CV1868 (JCH)<br><br><br>September 17, 2004 |

**PROPOSED VOIR DIRE QUESTIONS**

**DEFENDANT'S PROPOSED JURY VOIR DIRE**

1. When the jurors recite their basic information, including their employment, please have them state how long they have been with their present employer (or how long their period of unemployment has been) and how long their spouse has been with their present employer. In addition please inquire how long the jurors have been at their present address.

　　Alternatively: If you are employed, how long have you worked for your current employer? If you are unemployed, how long have you been unemployed? If you have a spouse or a partner, how long have they been working for their current employer or how long have they been unemployed? In addition please inquire how long the jurors have been at their present address.

2. Have you or a family member (or any other person close to you) ever been discriminated against or harassed at work or at school on the basis of sex, race, ethnicity, disability, age, religion or sexual orientation? What happened? Was a case,

Page 1 of 8



claim, charge, or investigation begun? What was the result?

5. If an employee files a claim of discrimination against his employer, do you think that this means the employer probably did, in fact, discriminate against the employee?

6. In general, do you think that male workers are treated unfairly by their employers as compared to the way other workers are treated? Why?

7.     Have you, any member of your family, or a close friend ever (1) been treated unfairly on the job, or (2) been fired or threatened with firing, demoted, disciplined, or laid off from a job? What happened? How did this affect how you think employees should be treated by employers in general?

8. Do you, a member of your family or a person close to you know the plaintiff in this case: Kenneth Radman.

9. Are you personally acquainted with any members of the Plaintiff's family, personal friends, or associates?

10. Do you, a member of your family or a person close to you know the plaintiff's lawyer in this case: Samuel Rizzitelli.

11. Do you, a member of your family, or a person close to you know the Defendant's attorneys in this case: Assistant United States Attorney Alan Marc Soloway, or Natalie

Holick Assistant General Counsel, Federal Bureau of Prisons

12. The following people, in addition to Alan Marc Soloway, are lawyers in the United States Attorney's Office for the District of Connecticut.  Please let me know if you know any one of these individuals professionally or socially.

    Ronald S. Apter
    William A. Collier
    Thomas V. Daily
    John A. Danaher III
    Nora R. Dannehy
    Anastasia M. Enos
    James G. Genco
    Carolyn A. Ikari
    Brian P. Leaming
    Raymond F. Miller
    Lisa E. Perkins
    David A. Ring
    Deborah R. Slater
    David Vatti
    Jonathan Biran
    William M. Brown, Jr.
    Patrick F. Caruso
    Peter A. Clark
    John H. Durham
    James I. Glasser
    Eric J. Glover
    H. Gordon Hall
    John B. Hughes
    Peter S. Jongbloed
    Maria A. Kahn
    Anthony E. Kaplan
    Keith A. King
    Henry Kopel
    Calvin B. Kurimai
    Peter D. Markle
    John A. Marrella
    Richard M. Molot
    Douglas P. Morabito
    William J. Nardini
    Lauren M. Nash
    Kevin J. O'Connor
    Krishna R. Patel

       Karen L. Peck
       Mark D. Rubino
       Michael E. Runowicz
       Christine L. Sciarrino
       David J. Sheldon
       Robert M. Spector
       David X. Sullivan
       Julie G. Turbert
       Robert M. Appleton
       Harold Chen
       Kari A. Dooley
       James K. Filan, Jr.
       James J. Finnerty
       Alex V. Hernandez
       Alina P. Marquez-Reynolds
       Ann M. Nevins
       Stephen B. Reynolds
       Christopher W. Schmeisser
       Brian E. Spears

13. Do any of you, your relatives, or friends know any of the following people who may be called as witnesses in the trial:

       Kenneth Radman
       Janice Killian
       Cynthia Lord
       Charles Stewart
       Gayle Mazzucco
       Dr. Sandra Kopit Cohen

14. Have you or anyone in your family (or anyone close to you) ever been employed by the U.S. Department of Justice or the United States Bureau of Prisons? Who and when? What job? How did that employment end?

15. Have you or anyone in your family ever been employed by the United States government or any of its agencies? Who and when? What job? How did that employment end?

16. Have you or anyone in your family ever been involved in any case, contested claim, dispute, or prosecution with (1) the United States Bureau of Prisons, (2) the United States Attorney's Office or the Department of Justice, or (3) the United States government (also called the federal government) or any federal government agencies? What is or was that dispute? When was it? What was the result?

17. Have you, any member of your family, or a close friend ever felt that he or she had been mistreated or wronged by the United States Government or any of its agencies? Who? How was he or she mistreated or wronged?

18. Do you think that the United States government tends to treat males unfairly? Why?

19. Have you or any member of your family ever been involved in a lawsuit, either as a party or a witness? What was it? Was it an employment dispute? When? What was the result? Did you agree with the result?

20. Have you had any prior jury service? If so, what did the case involve? Was it an employment dispute? When and where was this trial? What was the result? Is there anything about your previous jury service that would affect your jury service in this case?

21. At the end of the presentation of the evidence, the judge will instruct you on the

rules of law to apply in this case. Do you understand that even if you disagree with the instructions, you must apply them?

22. During the course of this trial, counsel may make objections. When objections are made, information may be excluded from your consideration. Can you promise not to guess or speculate on what you were not permitted to hear or see? If the judge directs you to disregard an item of evidence, will you be able to put it out of your mind and promise not to consider it in your deliberations?

23. If you have refused to respond to any of the preceding questions because you did not wish to answer in open court, please indicate so at the end of the questioning and you will have an opportunity to discuss your concerns with the judge in private.

24. Is there any reason at all, however private or personal, which makes you feel that you should not serve or would not like to serve on the jury for this case?

If so, please indicate this so that you can explain your concern to the judge and the lawyers privately.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
157 CHURCH ST.
NEW HAVEN, CT 06510
(203) 821-3700
FEDERAL BAR # ct 01581


Natalie Holick, Esq.
Assistant General Counsel
U.S. Bureau of Prisons
North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
Federal Bar # 24206

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Proposed Voir Dire Questions has been mailed, postage prepaid, on this day 17 of September, 2004 to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
959 Main Street
#103
Stratford, Ct. 06615

Alan Marc Soloway
Assistant United States Attorney