## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kenneth K. Radman | : |
| Plaintiff, | : Civil No. : 302CV1868 (JCH) |
| | : |
| E. | : |
| | : |
| John Ashcroft, Attorney General, | : |
| U. S. Department of Justice, | : September 17, 2004 |
| Defendants. | : |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS
## AND VERDICT FORM

The Defendant respectfully requests that a copy of these jury instructions be given

to the jury prior to deliberations. These instructions may be modified or supplemented if

the events at trial warrant such modification or supplementation. A diskette containing

these proposed instructions in WordPerfect 8 has been sent to Chambers.

Page 1 of 31



## PROPOSED INSTRUCTION NO. 1

### Nature of Plaintiff's Claims

Federal laws prohibit a federal employer from discriminating against an employee because of his gender.   The Plaintiff in this case, Kenneth Radman, claims that his employer, Attorney General John Ashcroft , the United States Department of Justice and derivatively the Federal Bureau of Prisons, is liable under these laws.   The Bureau of Prisons and its employees deny this.[1]   It is your responsibility to decide whether the Plaintiff has proven his claim of discrimination by the preponderance of the evidence.

---

[1] Adapted from Devitt, Blackmar & Wolff, *Federal Jury Practice & Instructions* § 104A.01 (4th ed. Supp. 1995).

## PROPOSED INSTRUCTION NO. 2

### Proper Party

The defendant Attorney General as the head of the United States Department of Justice, is the proper party under the law to be sued in a case of alleged employment discrimination by the Prisons. That is why the Attorney General has been named as the Defendant in this case.

The acts of Plaintiff's supervisors and the management officials at the Federal Correctional Institution at Danbury where the Plaintiff works are treated as the acts of the Attorney General of the United States for purposes of this case.

## PROPOSED INSTRUCTION NO. 3

### Title VII of the Civil Rights Act; Discrimination

Plaintiff brings his lawsuit under Title VII of the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991.   This law requires that all personnel actions

affecting federal employees, like the plaintiff, shall be made free from any discrimination

based on sex/gender.[2]

---

[2]42 U.S.C. §2000e-16; 29 U.S.C. §794a; 29 U.S.C. §621.

## PROPOSED INSTRUCTION NO. 4

### Title VII Discrimination - Essential Elements

In deciding whether or not the defendant intentionally discriminated against the plaintiff because of an illegal reason, you should first consider whether the plaintiff has established the following essential elements:

1. The plaintiff was capable of satisfactorily performing the duties of his job, that is, he satisfied the honestly-held expectations of the Bureau of Prisons [3]; and,

2. The plaintiff was subjected to an adverse employment action by the Defendant.

If the Plaintiff has failed to establish these facts, you must find for the Defendant.[4]

---

[3]Thornley v. Penton Publishing, Inc., 104 F.3d 26, 30 (2d Cir. 1997)(reversible error to omit this instruction and allow jury to substitute its judgment for defendant's business judgment).

[4]Adapted from Devitt, Blackmar, and Wolff §104.04 (4th ed. 1987); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2751-2753 (1993); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 141 (2d Cir. 1993)(following Hicks), cert. denied, 510 U.S. 1164 (1994).

## PROPOSED INSTRUCTION NO. 5

### Title VII Discrimination - Ultimate Question

If you decide that the Plaintiff has established these essential facts, the

Defendant may produce evidence of a legitimate, non-discriminatory reason for the

failure to award the position of Material Handler Supervisor to Plaintiff. If the Defendant

offers evidence of a legitimate, non-discriminatory reason for its decision, you must find

for the Defendant unless the Plaintiff has proved that the reason offered by the

Defendant was false and pretextual, that is, it disguised an underlying intent to

discriminate on an illegal basis. In order to find for the Plaintiff, he must prove that the

Defendant intentionally discriminated. It is not enough to believe that the non-

discriminatory reason offered by the Defendant is not the true reason; you must be

persuaded that the actual reason for the action was discrimination because of the

Plaintiff's gender. Ultimately, the Plaintiff bears the burden of persuading you, by a

preponderance of the evidence, that the decision was made because of plaintiff's

gender.[5]

---

[5]Adapted from Devitt, Blackmar, and Wolff §104.04 (4th ed. 1987); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2751-2753 (1993); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 141 (2d Cir. 1993)(following Hicks), cert. denied, 510 U.S. 1164 (1994); Byrne v. Town of Cromwell, 243 F3d 93 (2d Cir. 2001); Scaria v. Rubin, 117 F.3d 651 (2d Cir. 1997).

## PROPOSED INSTRUCTION NO. 6

### The Burden of Proof and Production

The burden of proving discrimination is at all times on the Plaintiff.[6]

The Bureau of Prisons is not obligated to establish by a preponderance of the evidence that its actions were taken for proper, nondiscriminatory reasons. The Bureau of Prisons only has the burden of producing a non-discriminatory explanation for its decisions.

---

[6]Johnson v. Transportation Agency of California, 480 U.S. 616 (1987)  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253; Adeniji v. Administrator for Childrens Services, 43 F. Supp. 2d 407 (S.D.N.Y.1999); Sinha v. SUNY-Farmingdate, 764 F. Suppp. 765 (E.D.N.Y. 1991).

## PROPOSED INSTRUCTION NO. 7

### Legitimate Non-discriminatory and Non-retaliatory Reasons

The anti-discrimination laws prohibit using gender as the sole basis for adverse
employment actions. However, the law does not limit the other qualities and
characteristics that employers may legally take into account in making employment
decisions. An employee's unsatisfactory job performance, insubordinate conduct,
difficult personality or caustic work attitude are proper non-discriminatory reasons that
employers may take into account in taking personnel actions.[7]

---

[7]Price Waterhouse v. Hopkins, 490 U.S. 228, 239, 109 S.Ct. 1775, 1784 (1989);
Williams v. Cerberonics, 871 F.2d 452 (4th Cir. 1989)(personality conflict); Padob v.
Entex Information Serv., 960 F. Supp. 806, 813 (S.D.N.Y. 1997)(personality conflict);
Croce v. VIP Real Estate, 950 F. Supp. 524, 544 (E.D.N.Y. 1997)(abrasive work habits
and personality defects); Pagana-Fay v. Washington Suburban Sanitary Comm'n, 797
F. Supp. 462, 471-73 (D. Md. 1992)(refusal to accept criticism and repeated challenges
to and failure to follow supervisors' direction), aff'd, 64 F.3d 658 (4th Cir. 1995).

## PROPOSED INSTRUCTION NO. 8

### Business Judgment[8]

You may not find for the plaintiff to reward him for past services to the defendant

or because of some general feeling that he deserved better from the Bureau of Prisons.

The question for you is not whether the employee in your view was treated well or fairly.

The question is whether illegal discrimination or retaliation occurred.

In considering the defendant's reasons for its decision, bear in mind that the

defendant is entitled to exercise its management discretion and make its own business

judgments. Under the law that governs this case, the defendant had the right to make

decisions concerning the Plaintiff for good reasons, bad reasons, reasons based on

erroneous facts, or even for no reason at all, so long as its decisions were not based on

unlawful discrimination.[9]

You may not find for the plaintiff merely because you feel that the defendant

made poor or unwise or unfair management decisions or that another supervisor may

have made different decisions. The defendant does not have to show that it conducted

its business in an optimum manner. In order to prevail, the plaintiff must demonstrate

---

[8]Kelley v. Airborne Freight Corp., 140 F.3d 335, 350 (1st Cir.)(business judgment instruction useful to satisfy requirement that jury be instructed they may not substitute their judgment for defendant's), cert. denied, 119 S. Ct. 341 (1998); Stemmons v. Missouri Dep't of Corrections, 82 F.3d 817, 819 (8th Cir. 1996)(error not to give business judgment instruction).

[9]Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276, 284 (2d Cir. 1998); Valentine v. Standard & Poor's, 50 F. Supp. 2d 262, 290 (S.D.N.Y. 1999); Stronkowski v. St. Vincent's Medical Center, 23 A.D.D. 1225, 1996 WL 684407 at *8 (D. Conn. 1996)(employer's reliance on erroneous information does not establish discrimination).

that intentional discrimination was substantial and the determinative cause for the

failure to hire the plaintiff for the position of Material Handler Supervisor.[10]

---

[10]     See Furnco Construction Corp. v. Waters, 438 U.S. 567, 577-78 (1978); Fisher v. Vassar College, 114 F.3d 1332, 1337 (2d Cir. 1997), cert. denied, 118 S. Ct. 851 (1998).

## PROPOSED INSTRUCTION NO. 9

### Anti-discrimination Laws -- Proof of Intent

The plaintiff must show that the defendant intentionally discriminated against

him. Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and

not by accident, inadvertence or other innocent reason.

An opinion or subjective belief of discrimination on the part of the plaintiff or any

other witness, no matter how genuine, cannot be the sole basis for a finding of

discrimination or retaliation.[11]

---

[11]   St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Betkerur v. Aultman
Hosp. Ass'n, 78 F.3d 1079, 1097 (6th Cir. 1996); O'Shea v. The Detroit News, 887 F.
2d 683 (6th Cir. 1989).

## PROPOSED INSTRUCTION NO. 10

### Cautionary Instruction on Damages

I am now about to give you certain instructions regarding damages. You should

not interpret the fact that I am giving instructions about damages as an indication in any

way that I believe that the plaintiff should, or should not, win this case.[12]

---

[12] Adapted from *Fifth Circuit Pattern Jury Instructions, Civil* § 2.22 (1996).

## PROPOSED INSTRUCTION NO. 11

### Burden of Proof - Damages

The burden of proving damages rests with the plaintiff.

## PROPOSED INSTRUCTION NO. 12

### Compensatory Damages

If you find that the defendant discriminated against the plaintiff, then you must

determine an amount that is fair compensation for the plaintiff's damages. You may

award compensatory damages only for injuries that the plaintiff proves were caused by

the defendant's allegedly wrongful conduct.

Compensatory damages are damages for future financial losses, emotional pain,

suffering, inconvenience, and mental anguish.[13] You may only award compensatory

damages if you find these were caused by defendant's allegedly illegal action.

In calculating damages, you should not consider any lost earnings, sometimes

called "backpay," that the Plaintiff lost. The award of backpay, should you find the

defendant liable, will be calculated and awarded by the Court if appropriate.[14]

---

[13]42 U.S.C. §1981a(b)(3).

[14]Section 102(b)(2) of the Civil Rights Act of 1991 excludes from compensatory damages "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." 42 U.S.C. §1981a(b)(2). Section 102(c)(2) of the Civil Rights Act of 1991 prohibits the court from informing the jury of the limitations on damages described in Section 102(b)(3).

## PROPOSED INSTRUCTION NO. 13

### Damages - Causation

You are not to award damages for any injury or condition from which the plaintiff may have suffered unless plaintiff has established by a preponderance of the evidence that the injury or condition was proximately caused by the allegedly unlawful acts of the defendant. An injury or damage is proximately caused by conduct whenever it appears from the evidence in the case that the conduct played a substantial part in bringing about or actually causing the injury or damage, and that injury or damage was either a direct result or a reasonably probable consequence of the conduct. Thus, an injury or harm to the plaintiff which is not the result of unlawful conduct by the defendant does not entitle the plaintiff to damages. Similarly, the plaintiff is not entitled to damages for conduct by the defendant that does not cause harm or injury.[15]

---

[15]Adapted from Devitt, Blackmar, and Wolff §§85.15, 80.18, 104.06.

## PROPOSED INSTRUCTION NO. 14

### Speculation and Guesswork Prohibited

You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future as a result of the alleged discrimination. You may not award damages based simply on speculation or guesswork. Any award must fairly compensate plaintiff for his injury but must have a basis in the evidence and be reasonable in light of that evidence. However, no evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence present at trial.[16]

---

[16] Adapted from Devitt, Blackmar, and Wolff §104.06(4th ed. 1987) and §104.06(4th ed. Supp 1993).

## PROPOSED INSTRUCTION NO. 15

### Mitigation of Damages

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to mitigate, or minimize, those damages. The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce to minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage he could have avoided through reasonable effort. If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted reasonably with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant

Page 17 of 31

has satisfied his burden of proving that the plaintiff's conduct was not reasonable.[17]

_____

[17]     From 4 L. Sand, et al., Modern Federal Jury Instructions ¶77.01 (1998); see Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998)(victims of employment discrimination are required to mitigate their damages) .

## PROPOSED INSTRUCTION NO. 16

### Attorney Fees

If you return an award of damages for the plaintiff, you are not to include

attorney's fees as part of this award. It is the Court's duty to determine whether

attorney's fees should be awarded and the amount of fees to so award.[18]

_____

[18] Northcross v. Bd. Of Ed. Of Memphis Dist. Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980).

## PROPOSED INSTRUCTION NO. 17

### No Punitive Damages

You may not award any punitive damages in this case.  Thus, you may not base any monetary award on a desire to punish the defendant, to prevent unlawful discrimination or retaliation from being happening in the future, or to warn other employers not to engage in unlawful discrimination or retaliation.  Rather, any monetary award that you make must be calculated solely to provide fair compensation to the plaintiff for any actual injuries you believe were caused by unlawful discrimination or retaliation, and on no other basis.[19]

---

[19]  42 U.S.C. §1981a(b)(1).

## PROPOSED INSTRUCTION NO. 18

### Nominal Damages

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights, but that the plaintiff suffered no injury as a result of this violation, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his rights under Title VII without any resulting emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life or other non-financial losses.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to the plaintiff: either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages or no damages at all.

Nominal damages may not be awarded for more than a token sum, usually one dollar.[20]

_____

[20]    Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions ¶77.01 (1997).

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Kenneth K. Radman                    :
     Plaintiff,                       :        Civil No. : 302CV1868 (JCH)
                                      :
     E.                               :
                                      :
John Ashcroft, Attorney General,     :
U. S. Department of Justice,         :        September 1, 2004
     Defendants.                      :

### SPECIAL VERDICT FORM

THE JURY MUST UNANIMOUSLY AGREE ON THE ANSWERS TO ALL OF THE QUESTIONS. THE COMPLETED SPECIAL VERDICT FORM MUST BE SIGNED AND DATED BY THE FOREPERSON.

### QUESTION NO. 1:

Did the plaintiff, Kenneth Radman , prove by a preponderance of the evidence that the Bureau of Prisons acted unlawfully by intentionally discriminating against him.

*INDICATE ALL APPLICABLE:*

\_\_\_   Yes, sex discrimination

\_\_\_   No.

*If the answer to Question No. 1 is "No," skip to the signature page of this form. Otherwise, proceed to the next question.*

### QUESTION NO. 2:

How much compensation is the plaintiff entitled to receive for those losses?

Nominal damages          $_____

Compensatory damages   $_____

Page 22 of 31

Signature:_____
                    FOREPERSON OF THE JURY

Dated at Bridgeport, Connecticut,

on this the ___ day of _____*(month)*,

_____*(year)*.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
PO BOX 1824
NEW HAVEN, CT 06508
(203)821-3700
FEDERAL BAR NO. ct01581

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Proposed Jury

Instructions and Verdict Form has been sent via postage prepaid first-class mail this

17th day of September, 2004, to:


Samuel Rizitelli, Esq.
26 Prindle Avenue
Derby, CT 06418


ALAN MARC SOLOWAY