UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kenneth K. Radman : | |
| Plaintiff, : | Civil No. : 302CV1868 (JCH) |
| E. : | |
| John Ashcroft, Attorney General, : | |
| U. S. Department of Justice, : | September 27, 2004 |
| Defendants. : | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE/PRECLUDE
====

The defendant moves to preclude the testimony of plaintiff's proposed witnesses Paul Sangalli, Natalie Holick, Kathryn Hawk Sawyer, and Margaret Harding, pursuant to Federal Rules of Evidence 402 and 403. The testimony sought by the Plaintiff from these four witnesses would be irrelevant and unduly prejudicial to the case at hand. It is well established that a trial court has the discretion to limit witnesses to exclude irrelevant, repetative or cumulative evidence. Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997); U. S. v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995). See also Manuel v. Chicago, 335 F.3d 592 (7th Cir. 2003); Davis v. Lane Bryant, 2001 WL 1285329 (S.D.N.Y. 2001); Abdus-Sabur v. Port Authority, 2001 WL 1111984 (S.D.N.Y. 2001); Union Carbide v. Montell, 28 F. Supp 2d 833 (S.D.N.Y. 1998).

Paul Sangalli, a former employee at the Federal Correctional Institution in Danbury, Connecticut, and a former client of Plaintiff's counsel, previously filed a discrimination complaint against the Bureau of Prisons. Charles Stewart, the selecting official in this case, was not the selecting official with regard to the claims of Mr. Sangalli. The job position in this case was not the same as the job position which

involved Mr. Sangalli and the Government and Mr. Sangalli entered into a civil settlement in which the Government made no admission of violation of law or that it discriminated. Thus, the facts of this case can be factually distinguished from Mr. Sangalli's expected testimony.

The Defendant seeks to preclude Mr. Sangalli's expected testimony regarding his own Title VII complaint as it has no relevance to the present suit filed by Plaintiff and would be unduly prejudicial.  FRE 403.

Defendant also seeks to preclude the proffered testimony of Natalie Holick, co-counsel for the Defendant in this matter.  Defendant seeks to make inquiry with regard to the following interrogatory responses that Attorney Holick prepared.

>   **April 9, 2003:**
>
>   Was Gail Mazzucco selected for vacancy announcement no. 96-DAN-17 according to a "bona fide occupational qualification?"
>
>   Answer: No
>
>   Was Gail Mazzucco selected for vacancy announcement no. 96-DAN-17 according to the affirmative action plan?
>
>   Answer: Affirmative action criteria was one of many considerations in selecting Ms. Mazzucco, but the affirmative action plan was not specifically used since the position in question was not targeted by the affirmative action plan

**August 14, 2003:**

>Please list every selection of a female made at FCI Danbury due to a "bona fide occupational qualification."
>
>Answer: As modified by order of this Honorable Court dated July 30, 2003, directing an answer from defendant and limiting said answer to the 1993-1997 time frame, defendant is aware of no such selections.

The Government's responses are not controverted and rather than just reading the responses into the record for the jury, Defendant seeks the opportunity to put Attorney Holick on the stand. Defendant professes to make inquiry of Attorney Holick for a limited purpose however, it is the belief of the Government that such testimony will not be limited and will instead be used to embarrass and unfairly prejudice Defendant. Plaintiff was given an opportunity to illicit these answers through a deposition of Ms. Holick and failed to do so.  Federal Courts have consistently recognized that lawyers representing litigants in an action should not be called as witnesses if testimony can be avoided consonant with the end of obtaining justice.  <u>Ramey v. District 141, Intern Ass'n of Machinists</u>, 378 F.3d 269, 282 (2d Cir. 2004) (citing <u>U. S. v. Alu</u>, 246 F.2d 29, 33 (2d Cir. 1957).   The discovery to which Ms. Holick would be called to testify is irrelevant and, therefore, inadmissible.  Moreover, Ms. Holick's testimony regarding discovery is a cursory matter and not necessary to Plaintiff's task in sustaining his claims of gender discrimination.

Kathryn Hawk Sawyer was the former Director of the Bureau of Prisons. The Plaintiff has indicated that he intends to elicit testimony from Ms. Hawk Sawyer regarding "bona fide occupational qualifications," a defense that is not being raised by

the Defendant. Therefore, her testimony regarding this subject matter would be entirely irrelevant to the present case and inadmissible under Federal Rule of Evidence 402. Furthermore, Ms. Hawk Sawyer does not have sufficient knowledge or expertise to testify about legal terminology such as "bona fide occupational qualifications" and/or its application to the Defendant Agency since she was not directly involved in personnel matters of the Defendant Agency and would not be familiar with the application requirements for any specific positions.

Margaret Harding is the former Warden of the Danbury Federal Correctional Institution. The Plaintiff has indicated that he intends to elicit testimony from Ms. Harding regarding the issue of pat searching female inmates at FCI Danbury and a prior civil action involving that Agency's policy on such searches. Ms. Harding was not employed at FCI Danbury during the relevant time period of the issues involved in the present matter and would have no direct knowledge of any such issues. Furthermore, the propriety of cross-gender pat searches, a subject that this Court is very familiar with, is not relevant to the Title VII claims in the instant case. Ms. Harding's testimony should be deemed inadmissible under Federal Rule of Evidence 402. Former Warden Harding's testimony relating to the prior civil action would cause undue prejudice to the Defendant and should be barred pursuant to Federal Rule of Evidence 403.

                                              Respectfully submitted,

                                              KEVIN J. O'CONNOR
                                              UNITED STATES ATTORNEY

|  |  |
|---|---|
|  | Alan Marc Soloway |

ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
(203) 773-5373
FEDERAL BAR NO. CT 01581

Natalie Holick, Esq.
Assistant General Counsel
U.S. Bureau of Prisons
North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
(913) 551-8330
Federal Bar # 24206

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Memorandum in Support of its Motion in Liminie/Preclude has been mailed, postage prepaid, on this day     of September, 2004 to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
959 Main Street
#103
Stratford, Ct. 06615

_____
Alan Marc Soloway