# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Kenneth K. Radman                           :
        Plaintiff,                 :    Civil No. : 3:02CV1868 (JCH)
                              :
      v.                                   :
                              :
John Ashcroft, Attorney General,            :
U. S. Department of Justice,                :    October 1, 2004
        Defendants.                :

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT'S OBJECTIONS TO THE INTRODUCTION OF DISCOVERY RESPONSES AT TRIAL

On or about September 17, 2004, the Parties filed a Joint Pre Trial Memorandum with this Honorable Court. As part of the Pre-Trial Memorandum, Plaintiff detailed discovery responses, allegedly served by Defendant that, that Plaintiff wishes to be read to the jury at trial. Defendant objects to the introduction of this request. Listed below are the discovery responses allegedly made by Defendant and the objections to them by Defendant.

**A. Plaintiff introduces the following interrogatories answered by Defendant:**

**April 9, 2003:**

Was Gail Mazzucco selected for vacancy announcement no. 96-DAN-17 according to a "bona fide occupational qualification?"

Answer: No

**<u>OBJECTION:</u>**

The Defendant's answer to the Interrogatory is irrelevant for trial purposes.

<u>Raskin v. Wyatt Company</u>, 125 F.3d 55 (2d Cir. 1997); <u>Olle v. Columbia University</u>, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). <u>See</u> <u>also</u> <u>Safford v. St. Tammany Parish Fire</u>, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); <u>Hollander v. American Cyanamid</u>, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); <u>Malik v. Carrier Corp.</u> 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); <u>Perry v. Ethan Allen</u>, 115 F.3d 143 (2d Cir. 1997).

> Was Gail Mazzucco selected for vacancy announcement no. 96-DAN-17 according to the affirmative action plan?
>
> Answer: Affirmative action criteria was one of many considerations in selecting Ms. Mazzucco, but the affirmative action plan was not specifically used since the position in question was not targeted by the affirmative action plan.

**<u>OBJECTION:</u>**

The Defendant's answer to the Interrogatory is irrelevant for trial purposes.

<u>Raskin v. Wyatt Company</u>, 125 F.3d 55 (2d Cir. 1997); <u>Olle v. Columbia University</u>, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). <u>See</u> <u>also</u> <u>Safford v. St. Tammany Parish Fire</u>, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); <u>Hollander v. American Cyanamid</u>, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); <u>Malik v. Carrier Corp.</u> 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); <u>Perry v. Ethan Allen</u>, 115 F.3d 143 (2d Cir. 1997)

**August 14, 2003:**

Please list every selection of a female made at FCI Danbury due to a "bona fide occupational qualification."

Answer: As modified by order of this Honorable Court dated July 30, 2003, directing an answer from defendant and limiting said answer to the 1993-1997 time frame, defendant is aware of no such selections.

## OBJECTION:

The Defendant's answer to the Interrogatory is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997). Furthermore, the Defendant is *not* interposing a BFOQ defense.

**December 1, 2003:**

Please identify each and every selection made at FCI Danbury according to affirmative action within the past nine years.

Answer:

Fiscal Year 1996: Accomplishments: Cook Supervisor (1HM) Jose Lopez and (4WM) Ed Hornkohl and no other names; Physician's Assistant (1HF) Mercedes Clement, (1HM) Cesar Vila, (1HM) Nick Peralta and (1AM) no

3

available name; Mechanical Services (1AF) no available name and (1BF)

Runette Scott. *[abbreviate by plaintiff]*

      **OBJECTION:**

_____The answer as stated above is an abbreviated form of a more complete answer

provided by Defendant and in that sense is not an accurate reflection of the answer

given. Furthermore, the Defendant's answer to the Interrogatory is irrelevant for trial

purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997).

    **B. Plaintiff introduces the following admissions made by Defendant:**

        **Admitted on 4-9-03:**

        The Agency selected a female, Gail Mazzucco, as a result of vacancy

        announcement no. 96-DAN-17.

**OBJECTION:**

_____The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

4

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

> 2) Gail Mazzucco worked for the Agency for 10 months prior to her selection for vacancy announcement no. 96-DAN-17.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

> 3) Gail Mazzucco had not completed her probationary period of employment when she was selected for vacancy announcement no. 96-DAN-17.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

> 4) The Plaintiff worked for the Agency for more than four and a half years when he was not selected for vacancy announcement no. 96-DAN-17.

**<u>OBJECTION</u>**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997)

> 5) The Agency does not currently have any positions at FCI Danbury that require a female position as a "bona fide occupational qualification".

**<u>OBJECTION</u>**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997). Furthermore, the Defendant is not interposing a BFOQ

defense.

> 6) The vacancy announcement no. 96-DAN-17 did not state that vacancy
> announcement no. 96-DAN-17 was a "bona fide occupational" position
> that required a female.

**<u>OBJECTION</u>**

The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997)

> **Admitted on 8-7-03**:

> 7) The Agency has never had any positions at FCI Danbury *[from 1992-
> 1998]* that required a female position as a "bona fide occupational
> qualification".

7

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997). Furthermore, the Defendant is not using a BFOQ defense.

> 8) The Agency does not have any positions at any Prison Institution *[from 1992-1998]* that require a male or female as a "bona fide occupational qualification".

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997). Furthermore, the Defendant is not using a BFOQ defense.

9) The Agency has never made any selection *[from 1992-1998]* for any

position based on a "bona fide occupational qualification".

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997). Furthermore, the Defendant is not asserting a BFOQ defense.

10) The position that Gail Mazzucco was selected for as a result of

vacancy announcement no. 96-DAN-17 was not listed on the 1995 or

1996 Affirmative Action Plan's / Federal Equal Opportunity Recruitment

Plan's list of targeted positions.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); <u>Perry v. Ethan Allen</u>, 115

F.3d 143 (2d Cir. 1997)

> 11) In the Agency's August 25, 1999 counter motion for findings and
>
> conclusions without a hearing, the Agency stated that "Plaintiff contends
>
> in his motion of findings and conclusions that the Selectee was chosen for
>
> the position in order to further affirmative action goals.  This is not the
>
> Agency's position, and is unfounded."

**<u>OBJECTION</u>**

The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. <u>Raskin v. Wyatt Company</u>, 125 F.3d 55 (2d Cir. 1997); <u>Olle v. Columbia</u>

<u>University</u>, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). <u>See also</u> <u>Safford v. St.</u>

<u>Tammany Parish Fire</u>, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); <u>Hollander v.</u>

<u>American Cyanamid</u>, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); <u>Malik v. Carrier Corp.</u> 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); <u>Perry v. Ethan Allen</u>, 115

F.3d 143 (2d Cir. 1997)

> **Admitted on 8-7-03:**
>
> 12) The Agency selected Gail Mazzucco for vacancy announcement no.
>
> 96-DAN-17, at least in part, because she was a female.

**<u>OBJECTION</u>**

The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. <u>Raskin v. Wyatt Company</u>, 125 F.3d 55 (2d Cir. 1997); <u>Olle v. Columbia</u>

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997)

      13) The selecting official considered the Agency's affirmative action plan

during the selection of Gail Mazzucco when it hired her for vacancy

announcement no. 96-DAN-17.

### OBJECTION

The Defendant's answer to the Request for Admission is irrelevant for trial

purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia

University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.

Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.

American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997)

      14) The Agency did not have any positions at FCI Danbury that required a

female position as a "bona fide occupational qualification" during the

period of 1995 through 1997.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997). Furthermore, the Defendant is not asserting a BFOQ defense.

> 15) The Agency did not have any positions at any Prison Institution that required a male or female as a "bona fide occupational qualification" during 1995 through 1997.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997). Furthermore, Defendant is not asserting a BFOQ defense.

16) The Agency currently does not have any positions at any Prison Institution that requires a male or female as a "bona fide occupational qualification".

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997). Furthermore, Defendant is not asserting a BFOQ defense.

17) The Agency did not make any selection for any position based on a "bona fide occupational qualification" during 1996.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115

F.3d 143 (2d Cir. 1997). Furthermore, Defendant is not asserting a BFOQ defense.

18) Radman had a better performance evaluation than Gail Mazzucco at the time of the selection for vacancy announcement no. 96-DAN-17.

**OBJECTION**

The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997)

19) Part of the motivation for the selection of Mazzucco for vacancy announcement no. 96-DAN-17 was to develop a correctional environment of female staff members for the female inmate population.

**OBJECTION**

Defendant cannot locate a specific admission phrased as stated. It is an extrapolation of several answers. Although it may be factually accurate, its accuracy does not change its inadmissibility. Furthermore, the Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS

14

9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

20) Part of the motivation for the selection of Mazzucco for vacancy announcement no. 96-DAN-17 was to have a female staff member in that position to perform strip searches of the female inmate population.

**OBJECTION**

Defendant cannot locate a specific admission phrased as stated. It is an extrapolation of several answers. Although it may be factually accurate, its accuracy does not change its inadmissibility. Furthermore, the Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

21) FCI Danbury has discriminated against at least one employee within the past 10 years.

**OBJECTION**

Defendant cannot locate a specific admission phrased as stated. It is an

extrapolation of several answers. Although it may be factually accurate, its accuracy does not change its inadmissibility. Furthermore, the Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

**Admitted on 10-3-03:**

22) There were only three candidates qualified according to the Merit System Principles for vacancy announcement no. 96-DAN-17.

**OBJECTION**

_____The Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

**Admitted on 11-6-03:**

23) Part of the defendant's defense in this case is that it selected Gail
Mazzucco instead of the plaintiff for vacancy announcement no. 96-DAN-
17 according to affirmative action.

**OBJECTION**

_____The Defendant's answer to the Request for Admissions is irrelevant for trial
purposes. The deposition testimony of Charles Stewart, to which Plaintiff and
Defendant have jointly agreed can be read into the record, will provide a specific non-
partisan articulation of what role affirmative action played in the selection.

24) Cindy Lord (human resource manager at time of selection at issue)
stated that the department at issue in vacancy announcement no. 96-
DAN-17  needed a female worker to conduct strip searches (of inmates)
at the time of the selection.

**OBJECTION**

_____Plaintiff will have the opportunity either on direct or cross examination to elicit
what Ms. Lord may or may not have said and can impeach her if he sees fit. Defendant
will be calling Ms. Lord to the stand to testify. She still works for the Bureau of Prisons
in a facility located out of State and the Defendant will produce her to the Court for trial.
Furthermore, the Defendant's answer to the Request for Admission is irrelevant for trial
purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia
University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St.
Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v.
American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn.

1998) (opinion per Eginton, J.); <u>Malik v. Carrier Corp.</u> 202 F.3d 97 (2d Cir. 2000) (aff.

986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); <u>Perry v. Ethan Allen</u>, 115

F.3d 143 (2d Cir. 1997).

> 25) Janice Killian (Associate Warden responsible for position at issue at
> time at issue) stated that it was imperative to have a female officer
> working the position in dispute (vacancy announcement no. 96-DAN-17).

## **OBJECTION**

_____Plaintiff will have the opportunity either on direct or cross examination to elicit

what Ms. Killian may or may not have said and can impeach her if he sees fit. Ms Killian

still works for the Bureau of Prisons located in a facility located out of state. The

Defendant will produce Ms. Killian to testify at trial.  Furthermore, the Defendant's

answer to the Request for Admission is irrelevant for trial purposes. <u>Raskin v. Wyatt</u>

<u>Company</u>, 125 F.3d 55 (2d Cir. 1997); <u>Olle v. Columbia University</u>, 2004 U.S. Dist.

LEXIS 16653 (S.D.N.Y. 2004). <u>See</u> <u>also</u> <u>Safford v. St. Tammany Parish Fire</u>, 2004 U.S.

Dist. LEXIS 9925 (E.D. La. 2004); <u>Hollander v. American Cyanamid</u>, 172 F. 3d 192 (2d

Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); <u>Malik v.</u>

<u>Carrier Corp.</u> 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion

per Goettel, J.); <u>Perry v. Ethan Allen</u>, 115 F.3d 143 (2d Cir. 1997).

> 26) Ron Schmidlin (department head of position at time at issue here)
> stated that the department at issue in vacancy announcement no. 96-
> DAN-17 needed a female worker.

**OBJECTION**

_____If Plaintiff is genuine about calling Mr. Schmidlin to testify, he will have the opportunity to elicit the testimony he seeks assuming its admissibility. Furthermore, the Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v. Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

> 27) Karen Porucznik (supervisor of position at time at issue here) stated that she preferred to have at least two female worker in the department at issue in vacancy announcement no. 96-DAN-17 at the time of the selection.

**OBJECTION**

_____If Plaintiff is genuine about calling Ms. Porucznik to testify, he will have the opportunity to elicit the testimony he seeks assuming its admissibility. Furthermore, the Defendant's answer to the Request for Admission is irrelevant for trial purposes. Raskin v. Wyatt Company, 125 F.3d 55 (2d Cir. 1997); Olle v. Columbia University, 2004 U.S. Dist. LEXIS 16653 (S.D.N.Y. 2004). See also Safford v. St. Tammany Parish Fire, 2004 U.S. Dist. LEXIS 9925 (E.D. La. 2004); Hollander v. American Cyanamid, 172 F. 3d 192 (2d Cir. 1999) (aff. 999 F. Supp. 252 (D. Conn. 1998) (opinion per Eginton, J.); Malik v.

Carrier Corp. 202 F.3d 97 (2d Cir. 2000) (aff. 986 F. Supp. 86 (D. Conn. 1997) (opinion

per Goettel, J.); Perry v. Ethan Allen, 115 F.3d 143 (2d Cir. 1997).

Respectfully submitted,

KEVIN J. O'CONNOR

_____ UNITED STATES ATTORNEY

_____
ALAN MARC SOLOWAY, AUSA
 157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FAX  (203) 773-5373
FEDERAL BAR NO. CT 01581


NATALIE HOLICK, ESQ.
ASSISTANT GENERAL COUNSEL
U.S. BUREAU OF PRISONS
NORTH CENTRAL REGIONAL OFFICE
400 STATE AVENUE
8TH FLOOR
KANSAS CITY, KANSAS 66101
(913) 551-1149
Federal Bar # 24206

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Defendant's Memo in support has been mailed, postage prepaid, on this 1st day of October, 2004 to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
959 Main Street
#103
Stratford, Ct. 06615


_____
_____ALAN MARC SOLOWAY

21