UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Kenneth K. Radman | : | |
|     Plaintiff, | : | Civil No. : 3:02CV1868 (JCH) |
| | : | |
| v. | : | |
| | : | |
| John Ashcroft, Attorney General, | : | |
| U. S. Department of Justice, | : | October 5, 2004 |
|     Defendants. | : | |

<u>DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
TO LIMIT THE CROSS-EXAMINATION OF PLAINTIFF AT TRIAL</u>

      Plaintiff by his motion seeks to preclude counsel for the Defendant from inquiring on cross-examination at trial into gambling activity on behalf of the Plaintiff. Defendant similarly seeks to preclude counsel for the Defendant from inquiring on cross-examination at trial into an incident that Plaintiff was involved in on August 22, 2003 wherein he improperly obtained food from an inmate. In addition to narrowly missing an inmate while his pickup truck lurched forward, Plaintiff crashed into a nearby guardrail and building at sufficient speed that the airbags on the pickup truck deployed thereby injuring himself and causing thousands of dollars of damage to the vehicle and to the guardrail and nearby building.

    Plaintiff's counsel, during the deposition of Plaintiff, limited Defendant's ability to cross-examine Plaintiff and instructed Plaintiff not to answer questions relating to gambling and the incident of August 22, 2003 asserting that he was doing so based on relevance and to protect Plaintiff's Fifth Amendment concerns. [A copy of Plaintiff's Deposition is attached hereto].

    The Plaintiff is currently involved in a disciplinary dispute with the Bureau of

Prisons arising out of the events of August 22, 2003. Defendant's representative has proposed that the Plaintiff be assessed a seven day suspension. Plaintiff is currently in the process of contesting the proposed punishment.

Plaintiff suggests that FRE 402 and FRE 403 generally provide a basis upon which to preclude the expected cross-examination. FRE 402 provides generally that relevant evidence is generally admissible and that irrelevant evidence is generally inadmissible. FRE 403 provdes that otherwise admissible evidence may be excluded if its probative value is outweiged by possible prejudcie. Neither of the rules on their own provide a basis upon which to exclude, pre-trial, the expected cross.

Plaintiff will undoubtedly take the stand and as such his credibility is one of the most important evaluations that the jury will have to make in this case. To limit the Defendant's ability to fully cross-examine Plaintiff is unfair and would unduly limit the ability of the Defendant to rebut the claim of Plaintiff that he has been discriminated against on the basis of gender.

A review of Dr. Cohen's report, previously provided to the Court, will reveal that Plaintiff was in poor financial shape and that the melancholy he suffers from is a direct result of the financial straits he is in and not any consequences alleged to have been inflicted upon him as a result of the actions taken by the Defendant in not selecting Plaintiff for either of the job openings available. Defendant sought at the deposition to inquire into the background of Plaintiff's gambling and was precluded. Defendant may elect to continue the line of questioning at trial but it will in large part depend or what the

Plaintiff says upon direct examination.

Similarly, Defendant may attempt to elicit, into the underlying facts of the incident of August 22, 2003 and into any discipline that was proposed or may be proposed and put into effect depending upon the way Plaintiff testifies at trial. Defendant would suggest Plaintiff's lack of judgment in becoming involved in such an incident and his less than forthright initial response to his employer about the incident in question are furtile and appropriate grounds for cross-examination and would not be the source of unfair prejudice, confusion of the issues or misleading to the finders of fact which would preclude its admissibility pursuant to FRE 403.

Most of the cases cited by Plaintiff do not support the proposition that the anticipated cross-examination should be excluded. Plaintiff cites Weston v. HUD, 724 F2d 943, 947-948 (Federal Circuit, 1983) citing Kastigar v. U.S., 406 U.S. 441, 444-445 (1972) to support the proposition that the incidents would be immaterial and irrelevant and not pertinent to the defense and would violate the Plaintiff rights under the Fifth Amendment. Weston v. HUD, supra, however says that the 5th Amendment privilege against self-incrimination may be asserted in an administrative investigation.

The case before this Honorable Court is not an administrative investigation and it is permissible for an adverse interest to be drawn in the civil context from the assertion of a parties fifth amendment rights. Baxter v. Palmigiano, 425 U.S. 308 (1976); United States v. International Brotherhood of Teamsters, 247 F3d 370 (2d Cir. 2001); SEC v. Global Telecom Services, 325 F. Supp. 2d 94 (D. Ct. 2004)(Opinion per Dorsey, S.J.); Penfield v. Venuti, 589 F. Supp. 250 (D. Ct. 1984)(Opinion per Cabranes, J.)

The Defendant does not suggest that Plaintiff cannot assert his Fifth Amendment rights if that is what he chooses to do after consultation with counsel. Rather, Defendant suggests that the prospective cross-examination if it occurs, which at this point is mere juncture since Plaintiff has not testified upon direct examination, is proper in the course of the proceeding to be tried before this Honorable Court.

WHEREFORE, Plaintiff's motion should be denied.

Respectfully submitted,

KEVIN J. O'CONNOR
United States Attorney


Alan Marc Soloway, AUSA
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FAX  (203) 773-5373
FEDERAL BAR NO. CT 01581

Natalie Holick, Esq.
Assistant General Counsel
U.S. Bureau of Prisons
North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
Federal Bar # 24206

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendants Memorandum has been mailed, postage prepaid, on this 7th day of October, 2004 to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
959 Main Street
#103
Stratford, Ct. 06615

                                            Alan Soloway