UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kenneth K. Radman
    Plaintiff,

v.

John Ashcroft, Attorney General,
U. S. Department of Justice,
    Defendants.

Civil No. : 302CV1868 (JCH)

October 12, 2004

## PRE-TRIAL MEMORANDUM OF LAW

Plaintiff submits this memorandum in response to the Court's order made during the pretrial conference held on October 7, 2004. The Court inquired about the law applicable to this case.

The Defendant has articulated three different legal theories: 1) the selectee was selected because of a Bona Fide Occupational Qualification; 2) The selectee was better qualified than the plaintiff; and 3) the selectee was picked in accordance with an affirmative action plan. The defendant appears to propose that all three coexist in its defense. This is the root of this legal problem. All three cannot coexist in the same legal defense and that is why no discrimination case can be found in any jurisdiction that has ever been defended by using all three of these legal defenses simultaneously.

In order to proceed with the presentation of evidence in this case, the Court must resolve this conundrum. Plaintiff has proposed enough evidence outlined in the Pretrial Memorandum to defeat all three of these legal defenses, however, the relevancy and necessity of all such evidence depends on which legal theory is applicable.

**I. The following tables help outline the competing defenses:**

Page 1 of 8

| 1st Possible Legal Theory | Applicable Law | Facts of This Case |
|---|---|---|
| **Bona Fide Occupational Qualification**<br><br>Was Selectee picked because defendant "needed" a female for a specific operation? | BFOQ:<br><br>It is not unlawful to hire an employee on the basis of his/her sex where sex is reasonably necessary to the normal operation of that particular business.[1]<br><br>The BFOQ is an affirmative defense[2]<br><br>The BFOQ affirmative defense can been waived[3] | Defendant did not claim the BFOQ Affirmative Defense in it's Answer nor in the Pretrial Memorandum<br><br>Defendant has admitted that this selection was not made according to BFOQ[4]<br><br>Defendant has waived the BFOQ affirmative defense |

The hypocrisy to the admissions cited in footnote 4 is that this entire record is saturated with proof that the defendant applied an illegal bona fide occupational qualification. Besides admissions # 19, 20, 24, 25, 26 and 27 submitted in the Pretrial Memorandum, see the warden's deposition statements, which defendant objects to introducing: pages 14: lines 10 - 21; 48: lines 8 - 25; 49: lines 1 - 9; and Deposition Exhibit A, page 7.

The biggest legal problem for the defendant is the fact that it has waived the BFOQ affirmative defense. The jury is going to need clear instructions on the application of these facts of record, which are admissible because all of these cited facts relate directly to the defendant's motive to treat the plaintiff differently because of his gender (See plaintiff's proposed jury instruction #3).

---

[1] 42 USCS § 2000e-2(e)

[2] *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985); *Patrolmen's Benevolent Ass'n v. City of New York*, 74 F. Supp. 2d 321, 337 (D.N.Y., 1999)

[3] *Berl v. County of Westchester*, 849 F.2d 712, 714 (2d Cir., 1988)

[4] See admissions #7, 8, 9, 14, 15, 16 and 17 of Pretrial Memorandum

| 2nd Possible Legal Theory | Applicable Law | Facts of This Case |
|---|---|---|
| **Selectee Better Qualified**<br><br>Was Selectee picked because she was better qualified? | Mixed Motive:<br><br>Once an employee proves that the illegitimate reason played a part in the employer's motivation, the employer loses unless the employer can persuade the fact finder that the adverse action would have been taken even in the absence of the illegitimate reason[5] | Defendant admitted that gender played a role in selection[6]<br><br>Merit System Ratings (Exhibit 8) show plaintiff much better qualified than Selectee |

The defendant has also claimed that it selected the selectee because she was better qualified than the plaintiff. The Merit System Ratings, proposed by plaintiff as exhibit #8, refute this assertion completely. This is why these tally sheets are very relevant and should be admitted, if the defendant is allowed to contend at trial that the selectee was better qualified. The fact that Counsel has claimed that the warden never saw these tally sheets does not reduce the admissibility of these tally sheets. It only bolsters the notion that the selecting official chose to ignore an objective qualification comparison because his decision was impermissibly based on gender.

What actually becomes irrelevant, if the defendant proceeds with this defense, is its proposed exhibit #23. The prison's inmate search policy is not possibly relevant if the defendant really made its decision based on qualification (other than BFOQ). What is also mutually exclusive from this defense is the defendant's claim that it relied upon an affirmative action plan, which by its very nature, gives an edge to a member of a disadvantaged group who is not better qualified.

---

[5] *Berl v. County of Westchester*, 849 F.2d 712, 715 (2d Cir., 1988); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 97 (U.S., 2003); *Ostrowski, v. Atlantic Mutual Insurance Company*, 968 F.2d 171, 181 (2d Cir. 1992)

[6] See admissions #12, 19, 20, 24, 25, 26 and 27 of Pretrial Memorandum

| 3rd Possible Legal Theory | Applicable Law | Facts of This Case |
|---|---|---|
| **Affirmative Action**<br><br>Was Selectee picked in accordance with a legal affirmative action plan? | An AA plan may be a valid reason for not selecting the Plaintiff. However, the government must show at least that the gender classification serves important governmental objectives and that the discriminatory means employed were substantially related to the achievement of those objectives.[7] If such a plan is articulated as the basis for the employer's decision, the burden shifts to the plaintiff to prove that the employer's justification is pretextual and the plan is invalid.[8] | Record is clear: the real reason that gender played role was for pat/strip searches[9] (BFOQ), **not** to balance work force or remedy past discrimination against women (AA)<br><br>Affirmative Action plan used by defendant was not legal or valid |

If the defendant's defense is that it did not select the plaintiff in compliance with a valid affirmative action plan, then the defendant's proposed exhibit 22, Standards of Employee Conduct becomes irrelevant. There is no possible relevance between this exhibit and the application of affirmative action. Besides, in Admission #18, the defendant admitted that the plaintiff had a better performance evaluation than the selectee. Defendant cannot pro-offer any evidence that "conduct" has ever been in dispute in this case.

---

[7] *United States* v. *Va.*, 518 U.S. 515 (U.S., 1996), quoting *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150

[8] *Johnson v. Transportation Agency*, 480 U.S. 616, 626 (U.S., 1987)

[9] Admissions # 19, 20, 24, 25, 26 and 27

## II. Other Evidentiary Issues:

A. <u>On September 17, 2004, defendant objected to the admissibility of some of Warden Stewart's deposition testimony. Plaintiff moves that the following objections be overruled:</u>

#3. Page 19, lines 13-25, Page 20, lines 1-21 and Page 21, lines 8-15.
    If affirmative action is the defendant's defense, this testimony is obviously relevant.

#5. Page 30, lines 5-12.
    If better qualifications is the defendant's defense, this testimony is obviously relevant.

#10. Page 45, lines 11-25 and Page 46, lines 1-17.
    If affirmative action is the defendant's defense, this testimony is obviously relevant.

B. <u>On September 27, 2004, defendant moved, in limine, to preclude the testimony of Attorney Natalie Holick. Plaintiff moves that this motion be denied.</u> Natalie Holick is the employee of the Federal Bureau of Prisons who signed and certified the defendant's responses to two different sets of interrogatories in accordance with FRCP 33(b)(1). *See Exhibit A.* These answers cover many aspects of the defense outlined above. Some of her responses are proposed as evidence and others may be introduced during trial for purposes of impeachment or other inquiry. Attorney Holick made herself a material fact witness by virtue of her certification of these interrogatories that cover material facts. The cases cited by the defendant in its motion do not contemplate an attorney who has certified interrogatories. If the U.S. Government's officer/agent answers the Government's interrogatories, the information available to that officer/agent shall be furnished. *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (E.D. Ill.,1975). Any applicable privilege has been waived. *Wright, Miller & Marcus, Federal Practice and Procedure Civil* 2d § 2172.

C. <u>The plaintiff objects to the admissibility of defense Exhibit 21 on the basis of relevance.</u>
This exhibit is the application of Steven Jones, a male who was also selected as a result of the same promotion the plaintiff was denied in favor of a less qualified female. The fact that a male was selected during this promotion is irrelevant in this discrimination claim. *Brown v. Henderson*, 257 F.3d 246, 252-253 (2d Cir., 2001), citing *Connecticut v. Teal*, 457 U.S. 440, 455 (1982) ("Congress never intended to give an employer license to discriminate against some employees . . . merely because he favorably treats other members of the employees' group."); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 579, (1978) ("A racially balanced work force cannot immunize an employer from liability for specific acts of discrimination."); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 158 (7th Cir. 1996) (rejecting the argument that plaintiff's replacement by a worker of the same race precluded the establishment of a prima facie case of race discrimination). The only relevance this may have is to prove that the position denied to the plaintiff won't qualify as a BFOQ because the defendant also selected a male employee to do the same exact kind of work. Therefore, if the defendant proceeds on a BFOQ defense, this is relevant. If it does not, this is irreverent.

D. <u>Defendant has claimed that it cannot find the Admissions that it made on August 7, 2003.</u>
Enclosed and attached as *Exhibit B*.

E. <u>The exhibits submitted by defendant require the following cures:</u>
Joint Exhibit 1 is missing the page attached as "Exhibit 1 supplement."
Plaintiff Exhibit 9 is missing the page attached as "Exhibit 9 supplement."
Plaintiff Exhibit 11 should be replaced with the document attached as "Exhibit 11."

### III. Summary

The plaintiff has made this case respectfully clear and easy. However, the defendant has complicated this case beyond reason. The admissions were completed in order to narrow and focus this dispute in accordance with the Federal Rule of Civil Procedure 36 and should be used to accomplish this goal and provide the jury with clear direction. The approach of the defendant throughout this claim over the past 8 years has been to have it's cake and the plaintiff's cake and discrimination law jurisprudence's cake and eat it all too.

Respectfully submitted,

_____
Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418
(203) 736-9800
Federal Bar No. CT20079

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing has been sent, via the mode indicated, this 12th day of October, 2004 to the following:

Alan Marc Soloway   U.S. Mail, Postage Prepaid
Assistant U.S. Attorney
P.O. Box 1824
New Haven, CT. 06508
(203) 821-3700
(203) 773-5373
Federal Bar No. CT01581

Natalie R. W. Holick   U.S. Mail, Postage Prepaid
Assistant General Counsel
Bureau of Prisons
Gateway Complex Tower II
400 State Avenue, 8th Floor
Kansas City, Kansas 66101
(913) 531-8333
Federal Bar No. CT24206

For the Plaintiff,

_____
Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418
(203) 736-9800
Federal Bar No. CT20079