UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH RADMAN : | |
|     Plaintiff, : | |
| : | Civil No: 302CV1868 (JCH)(HBF) |
| v. : | |
| : | |
| JOHN ASHCROFT, Attorney General, : | |
| U. S. Department of Justice, : | |
|     Defendant. : | October 26, 2004 |

**DEFENDANT'S PRE-TRIAL MEMORANDUM AND RESPONSE TO COMPLAINANT'S PRE-TRIAL MEMORANDUM OF LAW**

Pursuant to the Honorable Janet Hall's request that the parties submit a pre-trial memorandum, Defendant hereby submits the following statement of its position in this case. Defendant also responds to evidentiary matters raised by Plaintiff in his pre-trial memorandum.

**I.    Defendant's Position**

In bringing a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, the burden of persuasion remains at all times with the Plaintiff. McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). In the event that the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the Defendant to articulate some legitimate, non-discriminatory reason for its actions. *Id.* This burden is not onerous. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether discrimination occurred. See Farias v. Instructional Systems, Inc., 259 F.3d 91, 98 (2d Cir. 2001).

In this case the Defendant had a legitimate, non-discriminatory reason for not selecting the Plaintiff. First, Defendant had the discretion to choose from among any

applicants identified on the best qualified list.  See Merit Promotion Plan, Joint exh. 6. Second, the Defendant Agency had an obligation to abide by its policies, which include the Policy on Searches requiring that visual searches (strip searches) be conducted by persons of the same gender.  See Policy on Searches, Def. exh. 23.   The legitimacy of this policy is supported by the Second Circuit Court of Appeals recognition that inmates retain a privacy interest in protecting themselves from the viewing of private parts of the body by prison guards of the opposite sex.  See Forts v. Ward, 621 F.2d 1210, 1217 (2d Cir. 1980) (noting that this court is not elevating the employment rights of prison guards above any protectible privacy rights of inmates); Covino v. Patrissi, 967 F.2d 73, 78 (2d Cir. 1992) (holding that an inmate subject to visual body cavity search retained a limited right of bodily privacy).

　　　　The Supreme Court has held that an employer does not violate Title VII by taking into account gender as one factor in determining a promotion where the decision was made pursuant to an affirmative action plan aimed at remedying the under-representation of women in traditionally segregated job categories.  Johnson v. Transportation Agency, Santa Clara County , CA, 480 U. S. 616, 641-42 (1987). See also Barhold v. Rodriguez et al., 863 F2d 233 (2d Cir. 1988). Warden Charles Stewart admitted that gender played "some consideration" in his selection of Ms. Mazzucco for the position at issue.  Deposition of Stewart, p. 15.  Warden Stewart also admitted that affirmative action played "some consideration" in his selection of Ms. Mazzucco. Deposition of Stewart, p. 19.  Historically, the position of correctional officers has been relegated to men.  Due to the under-representation of females in the role of correctional officer, the Defendant Agency has utilized affirmative action goals to increase its female

staff compliment. See Affirmative Action Plans, Plaintiff Exs. 9, 10. At the Danbury Facility, which houses female inmates, there is an additional need for female staff due to the Agency's mandate that visual searches be conducted by someone of the same gender. Thus, Warden Stewart's consideration of the affirmative action plan, which effectively assists in the goal of providing enough qualified, female staff to comply with the search policy, is a legitimate, non-discriminatory reason for not selecting the Plaintiff.

## II. Evidentiary Issues

Defendant objects to the Plaintiff's introduction of the tally sheet (Plaintiff Exhibit 8). As explained in the Merit Promotion Plan, the selecting official does not see the tally sheet prior to making the selection. See Joint Exh. 6. Furthermore, Warden Stewart testified that he, in fact, did not know who had the highest merit rating for the selection in question. Deposition, p. 36-37. Accordingly, the tally sheet is not relevant.

With respect to the testimony of Attorney Holick, Plaintiff has failed to articulate why an explanation of the answers provided is necessary. The answers to the interrogatories are not complicated or unclear. Furthermore, Plaintiff failed to explain how the answers are material facts or how certification of such makes Attorney Holick a fact witness. The Defendant renews its objection to the proposed rebuttal testimony of Attorney Holick as her right to attorney client privilege should outweigh the Plaintiff's desire to determine the source of the answers. Moreover, such answers could have been solicited during a deposition which the Plaintiff was given authorization to take, over Defendant's objection, but failed to do so.

### III.     Conclusion

Despite Plaintiff's continued insistence that the Defendant intends to raise a BFOQ defense, the Defendant has no intention of doing so. The Defendant can present a legitimate, non-discriminatory reason for its selection without asserting a bonafide occupational qualification. Plaintiff has the ultimate burden of proving that he was discriminated against and may do so by demonstrating that he was more qualified than the selectee. However, he should not be allowed to use extraneous documentation that was not presented to the selecting official and which is a misrepresentation of his experience as compared to the other applicants.

          Respectfully submitted,

          KEVIN J. O'CONNOR
          United States Attorney

          Alan Marc Soloway, AUSA
          157 CHURCH STREET
          P.O. BOX 1824
          NEW HAVEN, CT 06508
          (203) 821-3700
          FAX (203) 773-5373
          FEDERAL BAR NO. CT 01581

          Natalie Holick, Esq.
          Assistant General Counsel
          U.S. Bureau of Prisons
          North Central Regional Office
          400 State Avenue
          8th Floor
          Kansas City, Kansas 66101
          (913) 551-1149
          Federal Bar # 24206

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendants Memorandum has been mailed, postage prepaid, on this 28th day of October, 2004 to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
959 Main Street
#103
Stratford, Ct. 06615

                                    Alan Marc Soloway