UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH RADMAN | : | |
|     Plaintiff, | : | |
| | : | Civil Docket No: 302CV1868 JCH |
| v. | : | |
| | : | |
| JOHN ASHCROFT, Attorney General, | : | |
| U. S. Department of Justice, | : | |
|     Defendant. | : | December    , 2004 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S RENEWAL OF MOTION FOR JUDGMENT AS A MATTER OF LAW AFTER TRIAL OR FOR NEW TRIAL**

DEFENDANT, the United States Department of Justice, Federal Bureau of Prisons, by and through its attorneys, Assistant United States Attorney Alan M. Soloway and Natalie Holick, Assistant General Counsel, Bureau of Prisons, submits this Memorandum of Law in support of its Opposition to Plaintiff's Rule 50 Motion.

During the trial conducted in the above-captioned case on November 17th, 18th, and 22nd, 2004, Defendant presented sufficient evidence from which a reasonable jury could conclude that gender was not a *motivating* factor in the Defendant's decision not to select the Plaintiff for the Material Handler Supervisor position. Thus, Plaintiff's Motion must be denied.

**I.   Rule 50 Standard**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a court may grant a motion for judgment as a matter of law where there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. Fed. R. Civ. P. 50(a). In ruling on such a motion however, a district court is required to deny such motion unless,

viewed in the light most favorable to the nonmoving party, the evidence is such that there can be only one conclusion as to the verdict that reasonable persons could have reached. Dobrich v. General Dynamics Corp,, 106 F. Supp.2d 386, 390 (D. Conn. 2000)(GLG); O'Bar v. Borough of Naugatuck, 260 F. Supp.2d 514, 516 (D. Conn. 2003)(EBB). The court must consider a Rule 50 motion without weighing the credibility of the witnesses or otherwise considering the weight of the evidence. Id. Specifically, judgment as a matter of law may only be granted when:

> (1) there is such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture; or
> (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] cold not arrive at a verdict against [it].

Dobrich, 106 F. Supp. 2d at 390 (citing Eagleston v. Guido, 41 F.3d 865, 875 (2d Cir. 1994).

None of the standards set forth in Rule 50 have been met by the moving party and as such, the motion should be denied.

**II.    Argument**

Judgment as a matter of law is not appropriate in this case since Defendant *did* present evidence from which reasonable persons could reach the verdict that gender was not a motivating factor in the Defendant's decision.

A.   The jury had discretion to weigh the evidence and the credibility of the witnesses which supported their finding that gender was not a motivating factor.

Plaintiff asserts that the evidence in the record, specifically the "agreed upon facts, admissions by defendant and testimony," demonstrate by a preponderance that

gender was a motivating factor. Plaintiff's Motion p. 1. However, Plaintiff assumes that the jury weighed such evidence in a light favorable to him.

The Second Circuit has recognized that, in claims of Title VII discrimination, the plaintiff must prove that an impermissible reason, even though not the only reason for an adverse employment decision, was a "substantial" or "motivating" factor or "made a difference" in the decision. Fields v. New York State of Mental Retardation and Developmental Disabilities, 115 F.3d 116, 120 (2d Cir. 1997) (citations omitted). In Fields, the Court determined that Plaintiff was entitled to a verdict in his favor if he could persuade the jury that the impermissible reason or consideration, his race, was a "substantial motivating reason" for the adverse employment action. Fields, 115 F.3d at 121. Based on this analysis, the Second Circuit has interpreted a "motivating" factor to be a substantial reason. See Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d Cir. 1998) (noting that the words "substantial" and "motivating" are reasonably interchangeable); Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d Cir. 1997) (concluding that jury instructions were appropriate which stated that the Plaintiff must show that her gender played a role in the defendant's decision making process *and* had a determinative influence on the outcome); Burger v. New York Institute of Technology, 94 F.3d 830, 833 (2d Cir. 1996) (requiring evidence sufficient to support inference that impermissible motive was a substantial factor).

Clearly, the Second Circuit has drawn a distinction between mere consideration of an impermissible factor and whether such consideration substantially motivated or had a determinative influence on the adverse employment action

It is well recognized that credibility determinations, the weighing of the evidence,

and the drawing of legitimate inferences from the facts are functions of the jury.  Mickle v. Morin, 297 F.3d 114, 120 (2d Cir. 2002).  It is also clear that the question of whether an employer intentionally discriminated against a plaintiff is a question for the jury. Luciano v. Olsten Corp., 110 F.3d 210, 216-17 (2d Cir. 1997).  See also Hawkins v. 1115 Legal Service Care et al., 163 F3d 684, 694 (2d Cir. 1998); Holt v. KMI-Continental, Inc., 95 F. 3d 123 (2d Cir. 1996).

     Defendant notes that the "agreed upon facts" upon which the Plaintiff relies were taken from the Joint Statement to be read to the jury and are not evidence.  Plaintiff also relies on admissions and deposition testimony of Warden Stewart to assert that the record is "saturated" with evidence that gender was considered.  Plaintiff's Motion p. 3.  The jury, within their discretion, may have found live testimony more credible or more important than either the admissions or the deposition testimony.   Thus, simply because the Plaintiff can point to evidence that supported his position does not mean that the jury had to credit such evidence and more importantly does not mean credible evidence to the contrary was not before the jury. The record also contains sufficient evidence for the jury to have reasonably found that gender was not a motivating factor.

     As the Plaintiff points out in his Motion, Warden Stewart admitted that gender was "some consideration" in making his selection.  Plaintiff's Motion, p. 3.  Warden Stewart also testified that, in determining which candidates had better experience for the position, he would consider various posts to which the officer had been assigned, the quality of their work, their punctuality, dedication to the job, and their communication skills.  Deposition Transcript, p. 32 l. 25- p. 33 l. 4.  Based on these qualifications, Warden Stewart believed that Gail Mazzucco was better experienced than the Plaintiff.

Dep. Trans. p. 33 l. 7-16.

Janice Killian also testified that she believed that Gail Mazzucco was better for the position because of her ambition, education, and experience. In fact, when asked by Attorney Rizzitelli whether Plaintiff's gender played any role in Ms. Killian's recommendation, she said no. Plaintiff's gender did not make any difference because Ms. Killian also recommended a man, Steven Jones. Although Ms. Killian admitted that she considered Gail Mazzucco's gender, she testified that it was just one of many considerations that went into her recommendation. Furthermore, Ms. Killian testified that she would have made the same recommendations of Steve Jones and Gail Mazzucco even if the inmate population had been male or even if Plaintiff had been a female.

The evidence presented by the Defendant demonstrates that Ms. Mazzucco's gender may have been a consideration but this does not equate nor is it a functional equivalent to a motivating factor that made a difference in the ultimate selection. Furthermore, there is evidence from Ms. Killian's testimony that the Plaintiff's gender played no role at all in her recommendation or the selection.

Defendant presented considerable evidence through the live testimony of Janice Killian and Cynthia Lord, as well as the deposition testimony of Charles Stewart, that Ms. Mazzucco's gender may have been a consideration but certainly was not a determinative or substantial factor in the recommendation and selection for the position. Furthermore, the fact that the Defendant also selected a male, Steven Jones, supports the argument that gender was not a substantial factor in the decision making process. Accordingly, viewing facts in the light most favorable to the non-moving party, there was

credible evidence presented from which reasonable persons could have concluded that gender was not a motivating factor in the Defendant's decision to promote Mr. Jones and Ms. Mazzucco over the Plaintiff. While the length of jury deliberations is not in and of itself dispositive of the jury's thought processes, there were sufficient credible facts from which the jury could find that the gender of Plaintiff was not a factor considered by Defendant.

      B.    <u>A finding of liability and damages is inappropriate</u>

Plaintiff asserts that the preponderance of the evidence establishes that the Defendant's affirmative action plan was invalid. Plaintiff's Motion, p. 4. Plaintiff also contends that the preponderance of the evidence establishes Plaintiff's entitlement to damages and that he has suffered damages. Plaintiff's Motion, pp. 5-10. However consideration of these issues is not appropriately before this Court in ruling on a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure. As noted above, the Court must determine whether there is evidence in the record to support the verdict without weighing any evidence or the credibility of the witnesses. Thus, the Court's review is limited to reviewing the evidence in light of the jury's finding on the first question of the verdict form, namely whether the record contains evidence to support the jury's finding that gender was not a motivating factor. For this reason, pages 4 through the end of Plaintiff's brief are not relevant to the Court's determination on whether to set aside the verdict.

In the event that the Court would consider the question of liability and damages, the Defendant asserts that the preponderance of the evidence demonstrates that the Defendant's would have made the same decision even absent the consideration of Ms.

Mazzucco's gender.   Both Janice Killian, the recommending official, and Warden Stewart, the selecting official, testified to this fact.  Furthermore, despite Plaintiff's efforts to show that Ms. Mazzucco should not have been on the best qualified list, the testimony of Cindy Lord and Deborah Trunchess each established that it was common practice to put all qualified applicants on the best qualified list when the applicant pool was small.  Moreover, Cindy Lord, Janice Killan, Deborah Trunchess, and Warden Stewart (through deposition) all testified that the selecting official did not know the ranking order of the applicants and had the discretion to choose from among any of the best qualified candidates.  Thus, it is clear that the Defendant would have met its burden of proving that it would have made the same selection even without any consideration of gender.  Accordingly, Plaintiff would not be entitled to recover any damages.

Assuming *arguendo* that this Court finds against the Defendant on the issue of liability, and that Defendant has not shown that Ms. Mazzucco would have been hired anyway, Defendant suggests that Plaintiff has not shouldered his burden of proving damages and more importantly that the damages were causally linked to the non-selection. Plaintiff has introduced no expert testimony linking his upset with the damages claimed and the testimony of Plaintiff on-point is self serving at best.  The testimonies of Messrs Sheridan, Sangalli and Griffin were unpersuasive and their credibility are at best suspect.

In fact the only legitimate witness to testify on the issue of damages was Dr. Cohen, who opined that there were intervening acts that were the most likely cause of the trauma from which Plaintiff claims to have suffered. Furthermore, Dr. Cohen

testified that Plaintiff failed to make any efforts to mitigate his damages and failed to take any cross development courses to make himself a more acceptable candidate. As such Plaintiff has failed to prove his damages or in the alternative should only be awarded nominal damages in the amount of $1.

    C.    <u>Granting a new trial would be harmful error</u>

In the event Plaintiff's motion for judgment as a matter of law is denied, Plaintiff has requested a new trial. A motion for a new trial should only be granted when the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice. <u>DLC Management Corp.</u>, 163 F.3d 124, 133 (2d Cir. 1998) (citations omitted). Unless the verdict is "egregious," it should not be disturbed. <u>Id.</u>, at 134. Furthermore, a court should rarely disturb a jury's evaluation of a witness's credibility. <u>Id.</u>

In this case, there was sufficient evidence presented by both sides to raise a material issue of fact as to whether the Plaintiff's gender was a motivating factor in the adverse employment action. Thus, the jury's result was not so egregious as to warrant a new trial. Clearly the jury chose to weigh the credibility of Defendant's witnesses above the credibility of Plaintiff and his witnesses. Such credibility findings support the verdict and should not be disturbed.

### III.     Conclusion

Based on the testimonial evidence of Defendant's witnesses, as well as the deposition testimony of Charles Stewart, it was reasonable for the jury to conclude either that the plaintiff's gender played no role in the adverse employment action or that the consideration of Ms. Mazzucco's gender was not so substantial as to be a motivating factor in the adverse employment action.  Therefore, the verdict must stand and Plaintiff's Renewal of Motion for Judgment as a Matter of Law After Trail [sic] or For New Trial must be DENIED.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
Alan Marc Soloway, AUSA
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FAX  (203) 773-5373
FEDERAL BAR NO. CT 01581
alan.soloway@usdoj.gov

Natalie Holick, Esq.
Assistant General Counsel
U.S. Bureau of Prisons
North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
Federal Bar # 24206

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Memorandum has been mailed, postage prepaid, on this   day of, December, 2004, to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
Carron & Fink
Peppermill Place Office Bldg
1698-A Post Road East
Westport, CT 06880-9991

_____  Alan Marc Soloway