UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH K. RADMAN,                    :  | |
| Plaintiff  : | |
| : Civil Docket  #302CV1868JCH | |
| : | |
| v.                                    : | |
| : | |
| : | |
| John D. Ashcroft, Attorney General    : December 15, 2004 | |
| U.S. Department of Justice            : | |
| Defendant | |

**Plaintiff's Response to Defendant's Motion in Opposition to
Judgment as a Matter of Law After Trail and an Alternative Motion for a New Trial**

Plaintiff, Kenneth Radman, submits this memorandum of law in support of his renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) and in response to defendant's motion in opposition to motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, motion for a new trial.

I. The defendant has proposed an inaccurate understanding of applicable law.

The defendant has proposed that the Second Circuit Court of Appeals "has drawn a distinction between mere consideration of an impermissible factor and whether such consideration substantially motivated or had a determinative influence on the adverse employment action"  (Defendant's memorandum dated December 10, 2004, page 3).  A review of the cases cited by defendant shows that this is not an accurate understanding of the relative holdings of these cases (See attachments 1 through 4).

The defendant's position is that these cases require this Title VII plaintiff to prove that

the obvious gender considerations made by the defendant in this case were 'the' motivating factors instead of 'a' motivating factor in the Warden's decision.  Neither the use of the word "substantial" nor "motivating" requires the plaintiff to prove or disprove anything other than gender was one of the considerations motivating Warden Stewart to not select him.  This doesn't have to be "the only or the primary reason for the adverse employment action." *Owen v. Thermatool Corp.*, 155 F.3d 137, 139 (2d Cir. 1998).

> The defendant has proposed that the proper legal analysis here requires more than proof that the gender consideration played a role in the Warden's decision.  There are two different kind of discrimination cases: "mixed motive" and "pretext" cases.  In a "pretext" case, the ultimate burden of persuasion remains with the plaintiff to prove that the challenged employment decision was the result of intentional discrimination.  The case at bar was one of "mixed motive" (based upon direct evidence) which shifted the burden of persuasion to the defendant to prove it would have taken the same action despite the discriminatory motive.  Trying to create a distinctions between "motivating" and "determinative" was not correct for a "pretext" case and should definitely not be a required in a "mixed motive" case. *See Luciano v. Olsten Corp.*, 110 F.3d 210, 218-219 (2d Cir. 1997).  Similarly, in a "pretext" discrimination case based upon circumstantial evidence as opposed to direct evidence, "the pertinent question is whether plaintiff's main case contains evidence sufficient to permit the trier of fact to draw an inference that the prohibited motive was a substantial factor in the adverse employment decision." *Burger v. New York Institute of Technology*, 94 F.3d 830, 833 (2d Cir. 1996).

> Finally, the defendant has proposed that the plaintiff must prove not only that defendant considered an illegal discriminatory factor in its employment decision; but also that the

discriminatory reason was a "substantial" or "motivating" factor or "made a difference" in the decision. (Defendant's memorandum dated December 10, 2004, page 3). The defendant asserts the requirement of some kind of studder-step analysis. However, in another "pretext" case, "a Title VII plaintiff "is not required to show that the employer's proffered reasons were false or played no role in the employment decisions, but only that they were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors."" *Fields v. New York State of Mental Retardation and Developmental Disabilities*, No. 96-7523, 1997 U.S. App. Lexis 19794, at 15 (2d Cir. 1997) *citing Cronin v. Aetna Life Insurance Co.,* 46 F.3d 196, 203 (2d Cir. 1995)*;* cf. *Hagelthorn v. Kennecott Corp.,* 710 F.2d 76, 82 (2d Cir. 1983).

Congress used the word "motivate" to impose liability for the unlawful factor. Congress used the same word to describe the other lawful factors which coexist in a mixed motive case. Congress did not intend to require either factor to have any greater consideration than the other. The statutory language is clear:

> "'Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was **a motivating factor** for any employment practice, even though **other factors also motivated** the practice.'" 42 U.S.C. § 2000e-2(m). *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (U.S., 2003) (emphasis added).

The whole point of the change to section 107(a) of the Civil Rights Act of 1991 was to overrule the part of *Price Waterhouse v. Hopkins*, 490 U.S. 228, 104 L. Ed. 2d 268, 109 S. Ct. 1775 (1989) that allowed an employer to avoid all liability by prevailing on the dual motivation defense. *Fields* at 26, *citing* H.R. Rep. No. 102-40(I), at 45-46, 48-49, reprinted in 1991 U.S.C.C.A.N. 549, 583-84, 586-87. The defendant has proposed what Congress prohibited.

Federal Rule of Civil Procedure 50(a) allows the court to take a case away from the jury

by entering a judgment in favor of the moving party where there is such a complete absence of evidence that no reasonable juror could find in favor of the non-moving party. *Wimmer v. Suffolk County Police Dept.*, 176 F.3d. 125, 134 (2d Cir. 1999), *cert, denied*, 528 U.S. 964; 120 S. Ct. 398; 145 L. Ed. 2d 310 (1999).

The trial record is clear. The defendant considered the plaintiff's gender for affirmative action purposes and for physical searches of inmates when it did not select him for promotion. The trial record is completely barren of any fact that contradicts, denies, or even raises a doubt about whether this motivation existed when the plaintiff was not selected. Based on this trial record, no reasonable person could conclude that gender was not a motivating factor in violation of Title VII. Therefore, the court should find, as a matter of law, that the Bureau of Prisons took gender into consideration when it did not select him for promotion to Materials Handler Supervisor because there is absolutely no evidentiary basis for a reasonable jury to find otherwise. In the absence of a judgment as a matter of law, the Court should order a new trial on this issue in order to avoid a serious miscarriage of justice.

II. The defendant also misstated the law regarding Rule 50.

The defendant has stated that "the Court's review is limited to reviewing the evidence in light of the jury's finding on the first question of the verdict form, namely whether the record contains evidence to support the jury's finding that gender was not a motivating factor" (Defendant's memorandum dated December 10, 2004, page 6).

According to the Federal Rules of Civil Procedure 50(b):
... "In ruling on a renewed motion, the court may:
    (1) if a verdict was returned:
        (A) allow the judgment to stand,

      (B) order a new trial, or
      (C) direct entry of judgment as a matter of law; or
    (2) if no verdict was returned:
      (A) order a new trial, or
      (B) direct entry of judgment as a matter of law."


  Therefore, pages 4 through the end of plaintiff's memorandum are relevant.



For the Plaintiff,

_____
Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418
(203) 736-9800
Federal Bar No. CT20079

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing has been sent, via the mode indicated, this 15th day of December, 2004 to the following:

Alan Marc Soloway                U.S. Mail, Postage Prepaid
Assistant U.S. Attorney
P.O. Box 1824
New Haven, CT. 06508
(203) 821-3700
(203) 773-5373
Federal Bar No. CT01581


Natalie R. W. Holick             U.S. Mail, Postage Prepaid
Assistant General Counsel
Bureau of Prisons
Gateway Complex Tower II
400 State Avenue, 8th Floor
Kansas City, Kansas 66101
(913) 531-8333
Federal Bar No. CT24206



For the Plaintiff,

_____
Samuel M. Rizzitelli, Jr.
26 Prindle Avenue
Derby, Connecticut 06418
(203) 736-9800
Federal Bar No. CT20079