UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH RADMAN : | |
| Plaintiff, : | |
| : | Civil Docket No: 302CV1868 JCH |
| v. : | |
| : | |
| JOHN ASHCROFT, Attorney General, : | |
| U. S. Department of Justice, : | |
| Defendant. : | November 15, 2005 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE ORDER GRANTING A NEW TRIAL**

As noted by this Court, a motion for a new trial should only be granted when the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice. DLC Management Corp. v. Town of Hyde Park., 163 F.3d 124, 133 (2d Cir. 1998) (citations omitted). Unless the verdict is "egregious," it should not be disturbed. Id., at 134. Furthermore, a court should rarely disturb a jury's evaluation of a witness's credibility. Id. Here, the Court determined that the jury reached a seriously erroneous result by not finding that gender was a *motivating* factor.

Specifically, the Court found that the record contained significant evidence that gender was a *consideration* and must, therefore, have been a motivating factor. As discussed in the Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Judgment as a Matter of Law, the Second Circuit Court of Appeals recognizes a distinct difference between the mere consideration of a factor and using a factor as the motivation for a decision. See Fields v. New York State of Mental Retardation and Developmental Disabilities, 115 F.3d 116, 120 (2d Cir. 1997) (citations omitted)

Page 1 of 5

(recognizing that, in claims of Title VII discrimination, the plaintiff must prove that an impermissible reason, even though not the only reason for an adverse employment decision, was a "substantial" or "motivating" factor or "made a difference" in the decision); Frasure v. Principi, 367 F.Supp.2d 245, 259 (D.Ct. 2005)(Opinion per Garfinkel, Magistrate Judge).  Although this Court interpreted the consideration of gender as evidence that gender was a motivating factor, the Defendant respectfully contends that this conclusion is contrary to law. The Court relies on the deposition testimony of Charles Stewart and his statement that gender was "a consideration" in making his selection.  However, the Court appears to overlook the fact that Warden Stewart repeatedly stated that gender was one of several considerations but certainly not the only one. *Depo Tx., p. 22, l. 1-3; p. 25, l. 2-8; p. 48, l. 16-24.*  Additionally, the Court discounts the fact that Warden Stewart found Gail Mazzucco to have better performance and experience than the Plaintiff. *Trans, p. 27, l. 12-14; p. 33, l. 7-11.*

Similarly, this Court concluded that Janice Killian's testimony also demonstrated that gender was a motivating factor.  However, as the Court points out, Ms. Killian actually testified that gender was only a "small factor," and one of several factors. *Trans. p. 377, l. 22-23.*  In fact, Ms. Killian further testified that Plaintiff's gender played no role in her selection. *Trans. p. 394-95, l. 1-10.*  Ms. Killian stated that even if Ms. Mazzucco had been a male or Plaintiff had been a female, she would have made the same selection. *Trans. p. 397, l. 7-12.*  Additionally, Ms. Killian testified that she selected Ms. Mazzucco because of her qualifications, her energy and her interest in the position. *Trans. p. 377, l. 16-25; p. 378, l. 1-2.*  Most importantly, Ms. Killian testified

that she recommended Ms. Mazzucco and Mr. Jones, over Plaintiff, based on education, attitude, experience, service time, past, experience, and recommendations from their supervisors. *Trans. p. 377, l. 7-13.* Gender was not among the factors mentioned by Ms. Killian.

Regarding both the testimony of Warden Stewart and Ms. Killian, the Court concluded that, because gender was a consideration, it must have been a motivating factor. However, the Second Circuit has clearly explained that a consideration, or reason, is not sufficient to prove that a particular factor was substantial or motivating. *See* Fields v. New York State of Mental Retardation and Developmental Disabilities, 115 F.3d 116, 121 (2d Cir. 1997) . See Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d Cir. 1998) (noting that the words *substantial* and *motivating* are reasonably interchangeable); Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d Cir. 1997) (concluding that jury instructions were appropriate which stated that the Plaintiff must show that her gender played a role in the defendant*s decision making process and had a determinative influence on the outcome); Burger v. New York Institute of Technology, 94 F.3d 830, 833 (2d Cir. 1996) (requiring evidence sufficient to support inference that impermissible motive was a substantial factor). This Court concluded that the overwhelming weight of the evidence demonstrated that gender was a consideration. However, the Court erroneously equated consideration with motivation without appropriately weighing all the evidence. There simply is not enough evidence that gender was a *motivating* factor for the Court to conclude that the jury reached a seriously erroneous result. In fact, the Court admits that the consideration of gender was "potentially a benign factor." Decision of the Honorable Janet C. Hall. September

16, 2005, Pg. 15. Defendant asserts that a factor cannot be both benign and motivating. The recognition of that possibility alone demonstrates that the jury's conclusion was not so erroneous as to render it a miscarriage of justice.

The decision of whether there was gender discrimination is a factual decision subject to the finder of fact in the Title VII context. True, the discretion given the jury knows bounds, but the jury in the instant action was properly charged by this Honorable Court, and the Court should not disturb its verdict because it may disagree with the decision rendered by the jury.

WHEREFORE, it is respectfully prayed that the Defendant's motion for reconsideration be granted in all respects.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

Alan Marc Soloway, AUSA
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508
(203) 821-3700
FAX (203) 773-5373
FEDERAL BAR NO. CT 01581
alan.soloway@usdoj.gov

Natalie Holick, Esq.
Assistant General Counsel
U.S. Bureau of Prisons
North Central Regional Office
400 State Avenue
8th Floor
Kansas City, Kansas 66101
(913) 551-1149
Federal Bar # 24206

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Memorandum has been mailed, postage prepaid, on this 15th day of, November, 2005, to:

Samuel Rizzitelli, Esq.
26 Prindle Avenue
Derby, CT 06418
(203) 736-9800
Federal Bar # CT 20079

Daniel H. Kryzanski, Esq.
Carron & Fink
Peppermill Place Office Bldg
1698-A Post Road East
Westport, CT 06880-9991

Alan Marc Soloway