UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH K. RADMAN,                          : | |
|       Plaintiff,                                    : | CIVIL ACTION NO. |
|                                                           : | 3:02-cv-1868 (JCH) |
| v.                                                        : | |
|                                                           : | |
| JOHN ASHCROFT, ATTORNEY GENERAL, : | |
| U.S. DEPARTMENT OF JUSTICE         : | JANUARY 31, 2006 |
|       Defendant.                                   : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 90]**

By Ruling dated September 16, 2005, the court granted the Rule 59 Motion made by the plaintiff, Kenneth K. Radman. [See Ruling re: Plaintiff's Renewed Motion for Judgment as a Matter of Law After Trial (Dkt. No. 80)]. While denying plaintiff's Motion for Judgment as a Matter of Law, the court concluded that, in a Rule 59 context the evidence weighed "so heavily in favor of a finding that gender as **a** if not **the**, motivating factor behind the agency's decision to promote Gail Mazzucco to Material Handler Supervisor, rather than Kenneth Radman." Id. at 15.

In their Motion for Reconsideration, the defendants suggest that the court has erred by equating consideration of gender as evidence that gender was a motivating factor. This court is well aware that consideration of a factor does not make it a "motivating factor" as that term has been developed and addressed in Second Circuit case law. See e.g., Fields v. N.Y. State of Mental Retardation, 115 F3d. 116, 120-21 (2d. Cir. 1997). While the defendants cite to portions of the transcript that minimizes the consideration of sex as a factor by the defendants in promoting Gail Mazzucco, they overlook many other parts of the transcript, some of it cited in the court's prior Ruling, in

which gender appears to be a major focus of their decision.  See Ruling at pp.13-15. Certainly, the evidence cited by the defendants, suggesting that gender was a non-motivating factor, was the basis for the court's Ruling in denying the Rule 50 Motion of the plaintiff:  there clearly was evidence which could be disbelieved by a jury, and other evidence which could lead them to conclude that gender was not a motivating factor. However, the standard under Rule 50 is different.  The defendants fail to acknowledge that standard in their Motion for Reconsideration.  The Rule 59 standard differs from the Rule 50 standard in two significant ways:  "Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence [herself], and need not view it in the light most favorable to the verdict winner."  DLC Management Corp. v. Town of Hyde Park, 163 F.3d 127, 133 (2d. Cir. 1998) (citation omitted).

This court was well aware when it issued its original Ruling that it should exercise its power under Rule 59 with great caution.  However, the "weight of the evidence at trial," indeed much of the defendant's focus in the case, was to the point that gender was such a consideration as to be a motivating factor.  See Ruling [Dkt. No. 80] at pp. 12-15.  It is for this reason that the court adheres to its original Ruling granting the plaintiff's Rule 59 Motion.  The case will be set down for trial.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 31st day of January, 2006.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

- 2 -