Received Fax : Nov 15 2006 1:01PM Fax Station : THE UPS STORE p. 1
Case 3:02-cv-01868-JCH    Document 98    Filed 12/08/2006    Page 1 of 4

Nov 15 2006 1:55PM    Law Office                  203 736 9800              p.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Kenneth K. Radman        :
    Plaintiff,       : Civil No. : 302CV1868 (JCH)(HBF)
                         :
    v.               :
                         :
Alberto Gonzales,[1]     :
Attorney General,        :
U. S. Department of Justice, :
    Defendants.      :

### STIPULATION FOR COMPROMISE SETTLEMENT

    COMES NOW, Kenneth Radman, the plaintiff, and Alberto Gonzales, United States Attorney General and the United States Department of Justice, having both desired to amicably settle the issues which gave rise to the above-cited complaint, and enter into this settlement agreement, agree to the following terms:

1. Plaintiff and Defendant agree to settle all claims, issues, complaints, and actions arising out of the above-cited complaint.

2. The parties stipulate and agree that this action shall be dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a), with each party to bear its own costs and fees with the Court to retain jurisdiction to enforce the terms of the settlement. Plaintiff also agrees to withdraw any other pending complaints, grievances, appeals, or actions arising from the issues and facts giving rise to the above-cited complaint. A Stipulation of Dismissal with Prejudice to be signed by both parties is specifically incorporated by reference herein.

3. Plaintiff agrees to relinquish all claims against the defendant and any officer, employee or agency of the United States, for any future claims, complaints, appeals, grievances, or actions arising from the facts, circumstances, or issues in the above-cited complaint.

4. Defendants will pay the Plaintiff, through his attorney,

---

[1] Substituted per Rule 25(d), Fed. R. Civ. Pro.

1

Received Fax : Nov 15 2006 1:01PM Fax Station : THE UPS STORE
Case 3:02-cv-01868-JCH    Document 98    Filed 12/08/2006    Page 2 of 4

Nov 15 2006 1:56PM    Law Office                    203 736 9800           p.2

   Samuel M. Rizzitelli, Jr., the sum of seventy thousand
   dollars and no cents ($70,000.00) as consideration, and in
   full satisfaction of any and all claims Plaintiff may now
   have, have had, or may hereafter acquire against the
   Defendant, including but not limited to any claim for
   compensatory damages, backpay, frontpay, attorney's fees or
   costs. This payment will be made by Defendant via
   electronic transfer using the wiring instructions provided
   in Schedule A. Attorney Rizzitelli likewise agrees to
   notify the Defendants and the Court upon his receipt of the
   electronic transfer to enable Defendant to file this
   agreement and the Stipulation of Dismissal With Prejudice.

5. Plaintiff and Attorney Rizzitelli agree that they will be
   responsible for any federal, state, or local tax liability
   arising from the payment of the amounts set forth in this
   paragraph and paragraph (2), supra, and that they will hold
   the Defendant harmless from any liability for such taxes
   which may be owing on account of the payment of such sums.

6. This stipulation for compromise settlement is not, is in no
   way intended to be, and should not be construed as an
   admission of liability, fault, or wrongdoing on the part of
   the United States, its agents, servants, or employees, and
   it is specifically denied that they are liable to the
   plaintiff. Furthermore, this stipulation for compromise
   settlement does not constitute an admission that an agent,
   servant or employee of the United States violated a law,
   rule or regulation. This settlement is entered into by the
   parties for the purpose of compromising disputed claims
   under Title VII of the Civil Rights Act of 1964, as amended,
   42 U.S.C. § 2000e et seq, and the Rehabilitation Act of
   1973, as amended, 29 U.S.C. § 791, et. seq, and avoiding the
   expenses and risks of further litigation.

7. This stipulation for compromise settlement shall not limit,
   or otherwise affect, management rights set forth under the
   following: 5 U.S.C. § 7106 et. seq.; the Federal Bureau of
   Prisons' Policy Statement 3000.02, Human Resource Manual;
   the Federal Bureau of Prisons' Policy Statement 3420.09,
   Standards of Employee Conduct; the Department of Justice's
   Form 1335.1B, Department's Merit Promotion Guidelines; 5
   C.F.R. § 335; or any other existing Federal statutes or
   regulations.

8. The parties acknowledge that this stipulation for compromise
   settlement will be filed in the United States District Court
   for the District of Connecticut as part of the public

record.

8. This Agreement represents the final and complete agreement between the parties, and there are no other agreements, expressed or implied, to which the parties have or are willing to stipulate.

9. Plaintiff agrees that he has discussed the terms of this stipulation for compromise settlement with his attorney, and enters this Stipulation, through his attorney, knowingly and voluntarily.

10. The parties agree that each side will absorb their own costs incurred with respect to this voluntary dismissal agreement.

_____           11-24-06
Samuel M. Rizzitelli, Jr.                  Date
FEDERAL BAR NO. ct. 20079
Attorney for Plaintiff

_____           11/23/06
Kenneth Radman                             Date
Plaintiff

_____           12/8/06
Alan Marc Soloway                          Date
Assistant U.S. Attorney
FEDERAL BAR NO. ct01581
Attorney for Defendant

3

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Stipulation of Dismissal With Prejudice and Stipulation for Compromise Settlement was mailed first-class mail, postage pre-paid this 8th day of December, 2006, to:

Samuel M. Rizzitelli, Jr., Esq.
26 Prindle Avenue
Derby, CT 06418

ALAN MARC SOLOWAY